**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FAUSTINO CHAPA IV, on behalf of himself | ) | |
| and others similarly situated, | ) | 1:13-cv-3957 |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | |
| | ) | |
| TRUGREEN, INC. | ) | |
|     Defendant. | ) | JURY DEMANDED |
| | ) | |

## COMPLAINT

## CLASS ACTION

1.     Aimed at protecting consumer privacy rights, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") prohibits calls made using any "automatic telephone dialing system" to cell phones. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012).

2.     TruGreen, Inc. ("TruGreen") called plaintiff using an automatic telephone dialing system, for the purpose of marketing and/or selling its products and/or services. TruGreen did not have plaintiff's prior express consent for this call.

3.     Plaintiff seeks damages for himself and a class of others whose cell phones TruGreen called to make an unsolicited marketing pitch. Plaintiff also seeks a permanent injunction prohibiting TruGreen from violating the TCPA in this manner in the future.

## JURISDICTION AND VENUE

4.     The Court has federal question jurisdiction over these TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If *Brill* were to be abrogated or

overruled, there is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of a defendant, and the amount in controversy is more than $5,000,000.

5.      Venue is proper because TruGreen has its outbound telemarketing center in Crestwood, Illinois, which is within this District. Therefore, a substantial part of the events or omissions giving rise to the claims in this case occurred within this District.   28 U.S.C. §1391(b)(2).

**PARTIES**

6.      Plaintiff is an individual who resides in Austin, Texas.

7.      TruGreen, Inc. is corporation with its headquarters in Memphis, Tennessee. TruGreen has chosen to locate its outbound TeleCenter in Crestwood, Illinois.

**FACTS**

8.      The TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones.

9.      "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention."  *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

10.     On April 26, 2013, at approximately 8:04am, TruGreen or some third party authorized to act on its behalf, called plaintiff on his cell phone for telemarketing purposes. The call was made in order to try to persuade plaintiff into buying TruGreen products and/or services. The caller ID for this call was 877-340-9902.

11.     On May 24, 2013, a job listing post on defendant's website, www.TruGreen.com

listed the following telemarketing job available in Crestwood, Illinois:

**Position Overview:**

**Prospects and generates sales revenue by adding new program residential customers and cross selling and upselling current residential customers.**

**Responsibilities:**

**• Calls prospective customers utilizing automated dialing system to explain type of service or product offered. Quotes prices and encourages customers to buy. Records names, addresses, purchases and reactions of prospects solicited.**

**• Sells programs and services to present, former, and prospective customers through telemarketing.**

**• Secures sales and arranges delivery date.**

**• Estimates date of service to customer based on knowledge of production and service schedules. Notifies customers of scheduled application service appointments.**

**• Prepares and maintains proper sales reports.**

Exhibit A.

12.     Upon information and belief, the statement above that TruGreen uses an

"automated dialing system" is true.  That system constitutes an "automatic telephone dialing

system" pursuant to the TCPA.

13.     Upon information and belief, TruGreen made the call to plaintiff's cellular

telephone using the automatic telephone dialing system referenced above. Alternatively, some

similar equipment was used that also constitutes an "automatic telephone dialing system."

14.     Plaintiff did not provide TruGreen prior express consent for this call.  Plaintiff has

had no prior dealings with TruGreen, and did not give his cellular number to TruGreen.

15.     Plaintiff and the class were substantially damaged by defendant's calls. TCPA, Pub.L. No. 102–243, § 11.-12; *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 744 (2012); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012).

16.     TruGreen knew about the TCPA when it made the calls that are the subject of this case, and knew or should have known that these calls were violations thereof. Indeed, TruGreen received a citation from the Federal Communications Commission for violations of the Do Not Call provisions of the TCPA on April 30, 2009. Exhibit B.

17.     There very possibly could have been other calls made by TruGreen to plaintiff and class members, such as advertising text messages or survey calls. The class is defined to include such calls, to the extent that they were unsolicited.

# COUNT I – TCPA

18.     Plaintiff incorporates all previous paragraphs of this complaint.

19.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system.

20.     Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system.

21.     The defendant's calls were negligent, or alternatively, they were willful.   47 U.S.C. §312(f)(1).

## Class Allegations

22.     Plaintiff brings Count I on behalf of a class, which consists of:

All persons nationwide who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention,

where the recipient of the call did not give defendant the phone number for purposes such calls, where any call was made on or after May 29, 2009.

23.     The class is sufficiently numerous to make joinder impracticable. The only use for automatic dialing equipment is to make a high volume of telephone calls in a short period of time.

24.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a.      Whether defendants used an automatic telephone dialing system as that term us defined in the TCPA and applicable FCC regulations and orders; and

    b.      Damages, including whether the violation was willful.

25.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

26.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

27.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

28.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

29.     The identity of the class is likely readily identifiable from defendant's records.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendant that provides the following relief:

a.      Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

b.      A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system;

c.      A declaration that defendant used an automatic telephone dialing system, and a declaration that it violated the TCPA in calling plaintiff and the class; and

d.      Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke

6

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Amy Clark Kleinpeter (*pro hac vice* motion anticipated)
Hill Country Consumer Law
512-850-5290
11940 Jollyville Road, Suite 220-S
Austin, Texas 78759

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Amy Clark Kleinpeter (*pro hac vice* motion anticipated)
Hill Country Consumer Law
512-850-5290
11940 Jollyville Road, Suite 220-S
Austin, Texas 78759

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or

the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

# Exhibit A



ServiceMaster Careers | Terminix Careers | Merry Maids Careers

**EVERY DAY, THE MORE I PUSH MYSELF ON THE JOB, THE MORE I ACHIEVE.**

(CRABGRASS, I'M COMING FOR YOU!)

At TruGreen, it's easy to see that you will find more career rewards – one lawn after another. Here, our employees work hard to do what's best for their customers, and along the way have found some pretty great opportunities for themselves. TruGreen offers flexible schedules and advancement opportunities within a stable, fun company. You'll discover a career where you can be proud of the success you achieve by doing things the right way for your customers – and you.

**Start controlling your career.**

   
   

TruGreen Jobs > Sales Jobs > Illinois Sales Jobs

### Search Our Jobs

Enter Search Terms…     **Advanced Search**

## Sales

A Sales job at TruGreen will make you a part of the largest lawncare company in the country. Professionals in Sales jobs at TruGreen are challenged and rewarded for the services they provide, and are driven to be successful. If a Sales job at TruGreen is what you're looking for, click on a job that interests you to learn more and apply.



### Useful Links

- About Us
- Like us on Facebook
- Press Room
- Click HERE to view our Candidate Resource Guide



### Join Our Talent Community

Sign up here for job alerts and TruGreen communications.

Email address…

[Add to Google]  [SHARE]  **Submit**

### Similar Jobs

- Residential Outside Sales Rep (100677) Base Pay + Commission - Crestwood, IL
- Residential Outside Sales Rep (100677) Base Pay + Commission - Carpentersville, IL
- Field Sales Supervisor 100679 - West Chicago, IL

### TeleCenter Sales Rep 101144

Job Location: Crestwood, IL

Having trouble Applying?
Click HERE to view our Candidate Resource Guide    **Apply Now**

**Position Overview:**

Prospects and generates sales revenue by adding new program residential customers and cross selling and upselling current residential customers.

**Responsibilities:**
• Calls prospective customers utilizing automated dialing system to explain type of service or product offered. Quotes prices and encourages customers to buy. Records names, addresses, purchases and reactions of prospects solicited.
• Sells programs and services to present, former, and prospective customers through telemarketing.
• Secures sales and arranges delivery date.
• Estimates date of service to customer based on knowledge of production and service schedules. Notifies customers of scheduled application service appointments.
• Prepares and maintains proper sales reports.

**Education and Experience Requirements:**
•One year sales experience preferred
• High School Diploma or general education degree (GED) or 0 - 1 years of related experience in lawn/horticulture agronomic field and/or training or equivalent combination of education and experience
• 1+ years of sales experience preferred
• Certification as required by federal, state or local law

ServiceMaster is committed to Diversity and Inclusion. We encourage diverse candidates to apply to this position.

• Residential Outside Sales Rep
  (100677) Base Pay + Commission -
  Rockford, IL

• Field Sales Supervisor 100679 -
  Rockford, IL

• Residential Outside Sales Rep
  (100677) Base Pay + Commission -
  Park Ridge, IL

• Residential Outside Sales Rep
  (100677) Base Pay + Commission -
  Lake Forest, IL

• Field Sales Supervisor 100679 -
  Carpentersville, IL

• Residential Outside Sales Rep
  (100677) Base Pay + Commission -
  Plainfield, IL

• Field Sales Supervisor 100679 -
  Park Ridge, IL

An Equal Opportunity/Affirmative Action Employer – AA/EOE/M/F/D/V

Disclaimer:
The above statements are intended to describe the general nature and level of work being performed by
associates assigned to this classification. They are not to be construed as an exhaustive list of all
responsibilities, duties, and skills required of personnel so classified. All personnel may be required to
perform duties outside of their normal responsibilities from time to time, as needed.

Job ID: 807501

**Apply Now**

An Equal Opportunity / Affirmative Action Employer - AA/EOE/M/F/D/V

ADA Compliance 

# Exhibit B

**Federal Communications Commission**



**FEDERAL COMMUNICATIONS COMMISSION**
**WASHINGTON, D.C. 20554**

April 30, 2009

<u>**VIA CERTIFIED MAIL AND REGULAR MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

TruGreen Chemlawn
Attn: Vincent Forte
5605 Florida Mining, Blvd S
Jacksonville, FL 32257-3240

    Re: File No. EB-09-TC-308

Dear Mr. Forte:

    This is an official **CITATION**, issued pursuant to section 503(b)(5) of the Communications Act of 1934, as amended (the Act), 47 U.S.C. § 503(b)(5), for violations of the Act and the Federal Communications Commission's rules that govern telephone solicitations and unsolicited advertisements.[1] As explained below, you may appeal this citation. In addition, future violations of the Act or Commission's rules in this regard may subject you and your company to monetary forfeitures.[2]

    Attached are consumer complaints regarding telemarketing calls that your company or an entity acting on behalf of your company, acting under your direction, made to residential telephone lines despite previous do-not-call requests by members of the households.[3] These complaints indicate that you and your company have violated the Commission's requirements regarding telemarketing calls in 47 C.F.R. § 64.1200(d).

    Section 64.1200(d) of the Commission's rules requires entities that make telemarketing calls to residential telephone subscribers to follow certain procedures to ensure that the subscribers are able to stop such calls. Specifically, entities that make telemarketing calls must (1) develop written policies for maintaining a do-not-call list and make such written policies

---

[1] 47 U.S.C. § 227; 47 C.F.R. § 64.1200. A copy of these provisions is enclosed for your convenience. Section 227 was added to the Communications Act by the Telephone Consumer Protection Act of 1991 and is most commonly known as the TCPA. The TCPA and the Commission's parallel rules restrict a variety of practices that are associated with telephone solicitation and use of the telephone network to deliver unsolicited advertisements, including prerecorded messages to residential telephone lines.

[2] We have attached one complaint at issue in this citation. Within the complaint is the telephone number 904-268-7001, which your business utilized during the time period at issue.

[3]     *See* attached complaint(s).

**Federal Communications Commission**

available upon demand; (2) inform and train their personnel engaged in any aspect of telemarketing about the existence and use of the do-not-call list; (3) place consumers who request not to receive telemarketing calls on the do-not-call list; and (4) honor each do-not-call request within a reasonable time from the date of the request, which may not exceed thirty (30) days, for five years from the time the request is made.[4] In addition, the Commission has found that it is unlawful to call a residential telephone line to deliver a telemarketing call if any member of the household has made a do-not-call request.[5]

Under the Commission's rules, a "telemarketing" call is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."[6]

**If, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation occurring before September 2, 2008, and $16,000 for each such violation or each day of a continuing violation occurring on or after September 2, 2008.[7]**

You may respond to this citation within 30 days from the date of this letter either through (1) a personal interview at the Commission's Field Office nearest to your place of business, or (2) a written statement. You may use this response to appeal this citation. For example, you may claim that you are exempt from the telephone solicitation rules,[8] that you downloaded and used the National Do-Not-Call Registry in compliance with our rules but the person's telephone number was not on that version of the Registry, or that the calls were made in error and should be covered by the Commission's safe harbor provisions, 47 C.F.R. § 64.1200(c)(2)(i). In addition, your response should specify the actions that you are taking to ensure that you do not violate the Commission's rules governing telephone solicitation and unsolicited advertisements, as described above.

**You may schedule a personal interview at the nearest Commission field office. These offices are located in: Atlanta, GA; Boston, MA; Chicago, IL; Columbia, MD; Dallas, TX; Denver, CO; Detroit, MI; Kansas City, MO; Los Angeles, CA; New Orleans, LA; New York, NY; Philadelphia, PA; San Diego, CA; San Francisco, CA; Seattle, WA; and Tampa,**

---

[4]      47 C.F.R. § 64.1200(d).

[5]      *Consumer.Net v. AT&T, Order*, 15 FCC Rcd 281, 298 (1999).

[6] 47 C.F.R. § 64.1200(f)(10).

[7] *See* 47 C.F.R. §1.80(b)(3); *Amendment of Section 1.80 of the Commission's Rules and Adjustment of Forfeiture Maxima to Reflect Inflation*, 15 FCC Rcd 18221 (2000) (forfeiture maximum set at $11,000 for violators who are not common carriers or other entities specifically designated in section 503 of the Act); *Amendment of Section 1.80(b) of the Commission's Rules and Adjustment of Forfeiture Maxima to Reflect Inflation*, 19 FCC Rcd 10945 (2004) (amendment of section 1.80(b) to reflect inflation left the forfeiture maximum for this type of violator at $11,000); *Amendment of Section 1.80(b) of the Commission's Rules, Adjustment of Forfeiture Maxima to Reflect Inflation,* FCC 08-154, rel. June 13, 2008 (amendment of section 1.80(b) to reflect inflation increased the forfeiture maximum for this type of violator to $16,000, effective September 2, 2008).

[8] *See 2003 Order*, 18 FCC Rcd at 14042-49; 47 C.F.R. § 64.1200(f)(12)(i)-(iii) (exceptions to definition of "telephone solicitation").

**Federal Communications Commission**

**FL.  Please call Al McCloud at 202-418-2499 if you wish to schedule a personal interview. You should schedule any interview to take place within 30 days of the date of this letter. You should send any written statement within 30 days of the date of this letter to:**

> Kurt A. Schroeder
> Deputy Chief
> Telecommunications Consumers Division
> Enforcement Bureau
> Federal Communications Commission
> 445-12th Street, S.W., Rm. 4-C222
> Washington, D.C.  20554

**Reference File No. EB-09-TC-308 when corresponding with the Commission.**

Reasonable accommodations for people with disabilities are available upon request. Include a description of the accommodation you will need including as much detail as you can. Also include a way we can contact you if we need more information.  Please allow at least 5 days advance notice; last minute requests will be accepted, but may be impossible to fill.  Send an e-mail to fcc504@fcc.gov or call the Consumer & Governmental Affairs Bureau:

> For sign language interpreters, CART, and other reasonable accommodations: 202-418-0530 (voice), 202-418-0432 (tty);

> For accessible format materials (braille, large print, electronic files, and audio format): 202-418-0531 (voice), 202-418-7365 (tty).

Under the Privacy Act of 1974, 5 U.S.C. § 552(a)(e)(3), we are informing you that the Commission's staff will use all relevant material information before it, including information that you disclose in your interview or written statement, to determine what, if any, enforcement action is required to ensure your compliance with the Communications Act and the Commission's rules.

The knowing and willful making of any false statement, or the concealment of any material fact, in reply to this citation is punishable by fine or imprisonment under 18 U.S.C. § 1001.

Thank you in advance for your anticipated cooperation.

> Sincerely,
>
>
> Kurt A. Schroeder
> Deputy Chief, Telecommunications Consumers Division
> Enforcement Bureau
> Federal Communications Commission

Enclosures