**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FAUSTINO CHAPA IV, on behalf of himself and others similarly situated, | ) ) | 1:13-cv-3957 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Leinenweber |
| TRUGREEN, INC. | ) ) | |
| Defendant. | ) ) | JURY DEMANDED |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS**

**TABLE OF CONTENTS**

Page No.

I.     INTRODUCTION ...................................................................................... 1

II.    NATURE OF THE CASE ............................................................................ 2

III.   THE PROPOSED SETTLEMENT ............................................................... 3

     A.    The Settlement Class .................................................................... 3

     B.    Settlement Relief ......................................................................... 3

          1.    Class Member Relief: The Settlement Fund ............................ 3

          2.    Class Representative Service Award ....................................... 4

          3.    Attorneys' Fees and Costs ..................................................... 4

          4.    Remaining Funds .................................................................. 4

     C.    Notice and Settlement Administration ........................................ 5

     D.    Opt-Out and Objection Procedures ............................................. 6

     E.    Release ........................................................................................ 6

IV.   ARGUMENT ........................................................................................... 7

     A.    The Settlement Approval Process ................................................ 7

     B.    The Settlement Merits Preliminary Approval ............................... 8

          1.    The Proposed Settlement Provides Substantial Relief to
               the Settlement Class Particularly in Light of the Uncertainty
               of Prevailing on the Merits .................................................... 8

               a.    Benefits to the Class ..................................................... 8

               b.    The Strength of Plaintiff's Case ..................................... 9

          2.    Continued Litigation Is Likely to Be Complex, Lengthy, and

i

Expensive ......................................................................................... 12

3.      The Settlement Resulted from Extensive, Arm's-Length
        Negotiations and Is Not the Result of Collusion ................................... 12

4.      The Stage of the Proceedings and the Amount of Discovery
        Completed Supports Preliminary Approval ........................................... 13

C.      The Proposed Class Notice Satisfies Due Process ............................................... 13

D.      The Court Should Grant Class Certification for Settlement Purposes ............... 15

1.      The Rule 23(a) Factors Are Met ............................................................. 15

        a.      The Class Is Sufficiently Numerous and Joinder Is
                Impracticable .............................................................................. 15

        b.      The Settlement Class Shares Many Common Issues of
                Law and Fact ................................................................................ 16

        c.      Plaintiff's Claims Are Typical of the Settlement Class ................ 16

        d.      Plaintiff and his Counsel Are Adequate Representatives ........... 17

2.      The Rule 23(b)(3) Factors Are Satisfied .................................................. 17

E.      Scheduling a Final Approval Hearing Is Appropriate ......................................... 18

V.      CONCLUSION ................................................................................................................... 19

# TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*Aliano v. Joe Caputo & Sons – Algonquin, Inc.*,
  No. 09 C 910, 2011 WL 1706061 (N.D. Ill. May 5, 2011) ................................................ 11

*Am. Int'l Grp., Inc. et al., v. ACE INA Holdings, et al.*,
  Nos. 07-cv-2898, 09 C 2026, 2012 WL 651727 (N.D. Ill. Feb. 28, 2012) ......................... 7

*Amchem Prods. v. Windsor*,
  521 U.S. 591 (1997) ................................................................................................ 17, 18

*Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*,
  —— U.S. ——, 133 S.Ct. 1184 (2013) .............................................................................. 17

*Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*,
  616 F.2d 305 (7th Cir.1980) .................................................................................... 7, 8, 9

*AT&T Mobility LLC v. Concepcion*,
  -- U.S. ---, 131 S.Ct. 1740 (2011) .................................................................................. 10

*Bridgeview Heath Care Ctr. Ltd. v. Clark*,
  No. 09 C 5601, 2011 WL 4628744 (N.D. Ill. Sept. 30, 2011) .......................................... 16

*Butler v. Sears, Roebuck & Co.*,
  727 F.3d 796 (7th Cir. 2013) ................................................................................... 17, 18

*Carnegie v. Household Int'l., Inc.*,
  376 F.3d 656 (7th Cir. 2004) ........................................................................................ 18

*Chapman v. First Index, Inc.*, No.
  9 C 5555, 2014 WL 840565 (N.D. Ill. March 4, 2014) ..................................................... 11

*F.C.V., Inc. v. Sterling Nat'l. Bank*,
  652 F. Supp. 2d 928 (N.D. Ill. 2009) ........................................................................ 14, 15

*Gammon v. GC Servs. Ltd. P'ship.*,
  162 F.R.D. 313 (N.D. Ill. 1995) ..................................................................................... 17

*G.M. Sign, Inc. v. Brinks Mfg. Co.*,
  No. 09 C 5528, 2011 WL 248511, at *8 (N.D. Ill. Jan. 25, 2011) ..................................... 11

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
   270 F.R.D. 330 (N.D. Ill. 2010) ....................................................................... 9

*Ira Holtzman, C.P.A. v. Turza*,
   728 F.3d 682 (7th Cir. 2013) ......................................................................... 13

*Isby v. Bayh*,
   75 F.3d 1191 (7th Cir. 1996) ...................................................................... 7, 8

*Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) .............................................. 13

*Mars Steel Corp. v. Cont'l Ill. Nat'l. Bank & Trust Co. of Chicago*,
   834 F. 2d 677 (7th Cir. 1987) ....................................................................... 12

*McCabe v. Crawford & Co.*,
   210 F.R.D. 631 (N.D. Ill. 2002) ..................................................................... 15

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306, 70 S.Ct. 652 (1950) ................................................................ 13

*Parker v. Risk Mgmt. Alts., Inc.*,
   206 F.R.D. 211 (N.D. Ill. 2002) ..................................................................... 16

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985) ......................................................... 14

*Phillips Randolph Enters., LLC v. Rice Fields*,
   No. 06 C 4968, 2007 WL 129052 (N.D. Ill. Jan. 11, 2007) .............................................. 11

*Randolph v. Crown Asset Mgmt., LLC*,
   254 F.R.D. 513 (N.D. Ill. 2008) ..................................................................... 16

*Reliable Money Order, Inc., v McKnight Sales Co., Inc.*,
   218 F.R.D. 327 (E.D. Wis. 2012) ................................................................... 16

*Sadowski v. Med1 Online, LLC*,
   No. 07 C 2973, 2008 WL 2224892 (N.D. Ill. May 27, 2008) ........................................... 18

*Savanna Group, Inc. v. Trynex, Inc.*,
   No. 10-cv-7995, 2013 WL 66181 (N.D. Ill. Jan. 4, 2013) ................................................ 11

*Schulte v. Fifth Third Bank*,
   805 F. Supp. 2d 560 (N.D. Ill. 2011) ............................................................... 12

*Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998) ........................................................................ 17

*Synfuel Tech., Inc. v. DHL Express (USA), Inc.*,
  463 F.3d 646 (7th Cir. 2006) ...................................................................................... 1,8


## FEDERAL STATUTES

47 U.S.C. § 227(b)(1) ...................................................................................................... 2

47 U.S.C. § 227(b)(3) ...................................................................................................... 9


## FEDERAL RULES

Fed. R. Civ. P. 23(a)(4) .................................................................................................. 17

Fed. R. Civ. P. 23(e)(1) .................................................................................................. 13

Fed. R. Civ. P. 23(e)(2) .................................................................................................... 7


## OTHER AUTHORITIES

4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11:41 (4th ed. 2002) ............ 7

4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11:42 (4th ed. 2002) .......... 12

*In the Matter of Rules and Regulations Implementing the Telephone Consumer
Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Commc'ns. Reg. (P&F) 877, 2008
WL 65485 (F.C.C.) ........................................................................................................ 10

*Manual for Complex Litigation* § 21.312 (4th ed. 2004) ............................................................ 13

*Manual for Complex Litigation* § 21.62 (4th ed. 2004) .............................................................. 14

*Manual for Complex Litigation* § 21.633 (4th ed. 2004) .............................................................. 8

**I. INTRODUCTION**

After two all-day, in-person mediation sessions with the Honorable Wayne Andersen (ret.), the parties have reached a class action settlement of this matter. The Settlement calls for establishment of a $4,450,000 common fund, to be distributed to the class members who submit valid claim forms. Notice will be made through United States Mail to addresses that Defendant has in its database.

In evaluating the fairness of a proposed class action settlement, the key consideration is the strength of the Plaintiff's case on the merits balanced against the amount offered in the settlement. *See Synfuel Tech., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). Although Plaintiff believes he would secure class certification and prevail on the merits at trial, success is not assured. TruGreen has vigorously defended its position, and asserted significant defenses to plaintiff's claim and challenges to plaintiff's ability to certify any class. If approved, the Settlement would bring a sure end to what would be contentious and costly litigation centered on the question of TruGreen's liability for the allegedly unlawful calls challenged in this action.

The relief provided here—cash payments from the Settlement Fund—meets the applicable standards of fairness when taking into consideration the nature of Plaintiff's claims and the risks inherent in this litigation. Accordingly, Plaintiff respectfully requests that the Court: (1) grant preliminary approval of the Settlement; (2) conditionally certify the proposed Settlement Class; (3) appoint as Class Counsel the law firms of Burke Law Offices, LLC and Hill Country Consumer Law; (4) appoint Plaintiff as representative of the Settlement Class; (5) approve the proposed notice plan, class notices, and claim form; (6) appoint Dahl Administration LLC to serve as the Settlement Administrator; and (7) schedule the final fairness hearing and related dates as proposed by the Parties.

## II. NATURE OF THE CASE

This case involves the Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA"), which prohibits the use of automatic telephone dialing systems ("ATDS") to call cellular telephones unless the caller has the "prior express consent" of the called party to make such calls. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The Federal Communications Commission has determined that providing one's telephone number to a company constitutes "prior express consent" to be called at that number, as to that account. *See In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

In the complaint, Plaintiff alleges that Defendant violated the TCPA by placing calls through use of an ATDS without the prior express consent of Plaintiff and the potential Settlement Class Members. [Docket Entry 1] Defendant disagrees with Plaintiff and denies all allegations of wrongdoing and liability. *See* Ex. 1 (Settlement Agreement) § IV. TruGreen also contends that class members, who are also customers or former customers who provided their telephone numbers, are subject to an arbitration clause, which includes a class action waiver, and that such claims must be submitted to arbitration on an individual basis. TruGreen also has raised several additional defenses to certification of any class.

Plaintiff's counsel has thoroughly investigated the facts and the law underlying the claims asserted. Ex. 2 (Burke Decl.) ¶12. Based on TruGreen's business records, it has been determined that there are 214,153 unique cell phone numbers that TruGreen called using allegedly improper telephone equipment during the class period. *Id*. TruGreen contends that it had prior express consent to make each of those calls. *Id*.

The Parties participated in two formal mediation sessions before the Honorable Wayne Andersen (Ret.), on October 21, 2013 and February 26, 2014. Ex. 2 (Burke Decl.) ¶ 13. The Parties also participated in several subsequent telephonic settlement conferences and calls with Judge Andersen. *Id*. In connection with these mediation sessions, the Parties submitted detailed mediation briefs to Judge Andersen, setting forth their respective views on the

strengths of their cases. *Id*. During the mediation sessions, the Parties discussed their relative views of the law and the facts and potential relief for the proposed Class. *Id*. After the Parties reached an agreement in principle, they continued to negotiate the details of the Settlement via email and telephone. *Id.* At all times the Parties' settlement negotiations were highly adversarial, non-collusive, and at arm's-length. *Id*. These discussions culminated in the Settlement Agreement.

### III. THE PROPOSED SETTLEMENT

**A.   The Settlement Class**

The proposed Settlement would establish a "Class" for settlement purposes, only, defined as:

> All persons nationwide who TruGreen or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the recipient of the call did not give TruGreen the phone number for purposes of such calls, where any call was made on or after May 29, 2009, who are on the Class List.

Ex. 1 (Settlement Agreement) § 2.7. As noted above, there are 214,153 unique cellular telephone numbers on the Class List.

**B.   Settlement Relief**

1.   <u>Class Member Relief:  Settlement Fund</u>

The proposed Settlement establishes a common fund in the amount of $4,450,000 (the "Settlement Amount"), which will be used to pay: (1) cash settlement awards to eligible Settlement Class Members; (2) notice and administration costs (estimated at $250,000); (3) court-approved attorneys' fees and costs up to $1,483,333.33 (one-third of the Settlement Amount); and (4) a court-approved service payment to Plaintiff (up to $12,000). Ex. 1 (Settlement Agreement) §§ 2.36; 5.2; 7.1; 6.1.

Each class member that submits a timely and valid claim form will receive a *pro rata* share of the Settlement Amount, subject to a maximum payment of $500. Because the amount

class members will receive depends upon how many class members submit valid claim forms, the final cost of notice and administration, the amount the Court determines as to fees/costs and service award, the amount class members will eventually receive cannot be determined with any measure of precision at this time. However, if 5% of class members submit valid claims and the Court awards the amounts requested for attorneys' fees and costs and the representative service award, each class member would receive approximately $200.

     2.    <u>Class Representative Service Award</u>

If the Settlement is approved by the Court, Plaintiff will separately apply for an Incentive Award of $12,000 from the Settlement Amount. *Id.* § VI. This award will compensate Plaintiff for his time and effort and for the risk he undertook in prosecuting this case. Any downward adjustment in an Incentive Award that may be ordered by the Court will not be a basis or reason for terminating the Settlement. *Id.* § VI.

     3.    <u>Attorneys' Fees and Costs</u>

Before the hearing on final approval of the settlement, Class Counsel will separately apply to the Court for an award of attorneys' fees and costs in the amount of $1,483,333.33, which is 1/3 of the Settlement Amount. *Id.* § VII. As Class Counsel will address in their fee application, an award of attorneys' fees and costs will compensate Class Counsel for the work they have already performed in relation to the settled claims as well as the remaining work to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly implemented, and obtaining dismissal of the action. Any downward adjustment in attorneys' fees and costs that may be ordered by the Court will not be a basis or reason for terminating the Settlement. *Id.* § VII.

     4.    <u>Remaining Funds</u>

Any amount remaining in the Settlement Fund after paying all Claims, settlement notice and administration costs, and any court-awarded attorneys' fees or Service Awards will be distributed to a court-approved *cy pres* recipient. It is anticipated that the only remaining funds

will be uncashed checks.[1]

## C.     Notice and Settlement Administration

All costs of notice and settlement administration will be paid from the Settlement Amount.  The Parties have agreed upon, and propose that the Court approve, the nationally-recognized class action administration firm Dahl Administration LLC  to be the Settlement Administrator, and implement the Notice plan and administer the Settlement, subject to review by counsel.  Ex. 1 (Settlement Agreement) § 2.35.  The Settlement Administrator's duties will include:  (1) sending notice of the Settlement to Settlement Class members through US Mail; (2) setting up and maintaining a settlement website and toll-free number through which persons in the Settlement Class can receive information regarding the Settlement, download key documents and submit a claim online; (3) responding to inquiries regarding the claims process from persons in the Settlement Class; (4) approving or rejecting Claims; and (5) issuing settlement payments.

The Settlement Administrator will send the Class Notice attached to the Settlement as Exhibit A, to the most recent address in Defendant's business records. Id. § 8.8. The Settlement Administrator will run this list through the National Change of Address database before mailing, which should ensure that the notice is mailed to the most current address available for each class member. The Settlement Administrator will also set up a website, which will allow class members to download the class notice and claim form, the settlement agreement and the preliminary approval order. *Id*. Finally, the Settlement Administrator will set up a toll-free phone number with prerecorded information about the settlement.

---

[1] The settlement provides that, if *cy pres* distribution is not approved by the Court, , leftover funds will be redistributed to Claimants, if practicable.  *Id*. at § 13.4. If there are monies left over after any redistribution, or if no further redistribution is permissible because each class member would receive in excess of $500, then leftover funds arising from uncashed checks will revert to defendant.  Class counsel believes these contingencies are unlikely to occur.

**D.    Opt-Out and Objection Procedures**

Persons in the Settlement Class will have an opportunity to exclude themselves from the Settlement or object to its approval.  Ex. 1 (Settlement Agreement) §§ 8.11; 8.12.  The procedures and deadlines for filing opt-out requests and objections will be conspicuously listed in the Notices and on the Settlement Website.  With regard to objections, the Class Notice informs Settlement Class Members that they will have an opportunity to appear and have their objections heard by this Court at a Final Approval Hearing.  *Id.*, Ex. 1.  The Class Notice also informs Settlement Class Members that they will be bound by the release contained in the Settlement Agreement unless they timely exercise their opt-out right.  *Id.*

**E.    Release**

The release is appropriately tailored to the claims raised in the case.  In exchange for settlement benefits, Plaintiff and Settlement Class Members will release Defendant and related entities from claims brought pursuant to the TCPA, or any similar state TCPA-like statute, which could have been raised based upon the conduct alleged in this action. Ex. 1 (Settlement Agreement) § XI.  The release specifically provides as follows:

> Upon the Effective Date, the Settlement Class Members, on behalf of themselves, their predecessors, successors, assigns, beneficiaries, and additional insureds, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished and discharged, and shall be forever enjoined from the prosecution of all claims, known and unknown, that they may have against TruGreen and its affiliates and agents, as well as The ServiceMaster Company LLC and all of its affiliates, subsidiaries and agents, through the date of preliminary approval, under the TCPA, any comparable TCPA-like statutes of any state, and any other federal or state statutory or common law, and for relief under any equitable theory, or for prospective or retrospective relief that could have been asserted based on or relating to the conduct alleged in the Complaint.

*Id.* § 11.1.

6

## IV.  ARGUMENT

**A.      The Settlement Approval Process**

Federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain.  *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 312–13 (7th Cir. 1980) (noting "[i]n the class action context in particular there is an overriding public interest in favor of settlement") (citations, quotations, and internal marks omitted), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *Isby v. Bayh,* 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."); *see also* 4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("Newberg") § 11:41 (4th ed. 2002) (citing cases).  The traditional means for handling claims like those at issue here — individual arbitration or litigation — would unduly tax the court system, require a massive expenditure of public and private resources and, given the relatively small value of the claims of the individual Settlement Class Members, would be impracticable.  Thus, the proposed Settlement is the best vehicle for Settlement Class Members to receive relief in a prompt and efficient manner.

A court may approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  A proposed class settlement is presumptively fair where it "is the product of arm's length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced." Newberg § 11.41; *Am. Int'l Grp., Inc. et al., v. ACE INA Holdings, et al.,* Nos. 07-cv-2898, 09 C 2026, 2012 WL 651727, at *2 (N.D. Ill. Feb. 28, 2012) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (quotation and internal cite omitted).

Approval of a class action settlement is a two-step process.  *Armstrong*, 816 F.2d at 314.

At the preliminary approval stage, the question for this Court is whether the settlement falls "within a range of possible approval" and therefore warrants dissemination of notice apprising class members of the proposed settlement. *Id.* If the district court preliminarily approves a class action settlement, it then proceeds to the second step in the review process – the fairness hearing. *Id.*; *Manual for Complex Litig.* § 21.633 (4th ed. 2004).

In assessing the fairness, reasonableness and adequacy of a settlement, courts view the facts in the light most favorable to the settlement. *Isby*, 75 F.3d at 1199. The Court "should not substitute [its] own judgment as to the optimal settlement terms for the judgment of the litigants and their counsel." *Armstrong*, 616 F.2d at 315. To evaluate fairness at the preliminary approval stage, courts consider the following factors: (1) the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement; (2) the complexity, length and expense of the litigation; (3) the presence of collusion in reaching a settlement; and (4) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006); *see also Armstrong*, 616 F.2d at 314; *Isby*, 75 F.3d at 1199.

As set forth below, the Settlement here warrants preliminary approval so that persons in the Settlement Class can be notified of the Settlement and provided an opportunity to voice approval or opposition.

**B.      The Settlement Merits Preliminary Approval**

     1.    <u>The Proposed Settlement Provides Substantial Relief to the Settlement Class Particularly in Light of the Uncertainty of Prevailing on the Merits</u>

             a.    *Benefits to the Class*

"The most important factor relevant to the fairness of a class action settlement is the first one on the list: the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." *Synfuel Techs., Inc.*, 463 F.3d at 653. Nevertheless, "[b]ecause the essence of settlement is compromise, courts should not reject a settlement

solely because it does not provide a complete victory to plaintiffs." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) (citations omitted).

The Settlement Agreement requires TruGreen to pay $4,450,000 into a fund out of which eligible claimants will receive a cash payment. Ex. 1 (Settlement Agreement). Although the precise amount of each Settlement Class Member's award cannot be determined until all Claims have been submitted, Class Counsel estimate, based on their experience in similar TCPA class actions, that distributions to class members will be approximately $200 after deductions for court-approved attorneys' fees and costs, court-approved incentive awards to the Plaintiffs, and costs of notice and settlement administration. Ex. 2 (Burke Decl.) ¶ 14.

Class Counsel acknowledge that the $4,450,000 Settlement Amount does not constitute the full measure of statutory damages potentially available to the Settlement Class Members, who theoretically could recover $500 in statutory damages for each violation of the TCPA if they were to prevail in litigation. *See* 47 U.S.C. § 227(b)(3)(B) (permitting $500 in statutory damages for each violation of the TCPA); *cf.* 47 U.S.C. § 227(b)(3)(C) (permitting $1,500 for "willful" TCPA violations). This fact alone, however, should not weigh against preliminary approval. "Because settlement of a class action, like settlement of any litigation, is basically a bargained exchange between the litigants, the judiciary's role is properly limited to the minimum necessary to protect the interests of the class and the public. Judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Armstrong*, 616 F.2d at 315.

> b.      The Strength of Plaintiffs' Case

Plaintiffs continue to believe that their claims against TruGreen have merit and they could make a compelling case if their claims were tried. Nevertheless, Plaintiffs and the Settlement Class would face a number of difficult challenges if the litigation were to continue.

First, TruGreen contends that current and former account holders' contractual agreements included arbitration clauses and class action waivers that prohibit plaintiff's ability

to bring a class action lawsuit. The United States Supreme Court has held that such agreements are enforceable. *AT&T Mobility LLC v. Concepcion*, --- U.S. ---, 131 S.Ct. 1740, 1748–49 (2011). Thus, without settlement, Plaintiff risked that he would be required to pursue his individual claim in arbitration, and that no class could have been certified in the arbitration proceeding.

Second, the Parties have competing interpretations of what constitutes "prior express consent" under the TCPA based on the FCC's January 4, 2008 declaratory ruling, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Commc'ns. Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (hereinafter "Declaratory Ruling"). The Declaratory Ruling is the FCC's official interpretation of the governing provisions of the TCPA. The Declaratory Ruling provides that "prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." Plaintiffs maintain that this definition requires that the cell phone number be "provided during the transaction that resulted in the debt owed," i.e., during the "origination" of the relationship between TruGreen and any class member. TruGreen, however, interprets the term "transaction" to cover telephone numbers voluntarily provided to TruGreen during the course of the relationship . Based on its interpretation of the Declaratory Ruling, TruGreen maintains that some or all of the persons in the Settlement Class gave prior express consent to contact them at their cell phone numbers. If the Court found that the FCC's Declaratory Ruling and/or the TCPA permits "prior express consent" to be given any time a customer provides a cell phone number as a contact number, the amount of recoverable damages would be reduced significantly or eliminated altogether.

Third, TruGreen has consistently argued that class certification is not appropriate because the individualized question of whether a customer consented will predominate at trial. "Courts are split on whether the issue of individualized consent renders a TCPA class uncertifiable on predominance and ascertainability grounds, with the outcome depending on

10

the specific facts of each case." *Chapman v. First Index, Inc.*, No. 09 C 5555, 2014 WL 840565, at *2 (N.D. Ill. March 4, 2014) (citing cases). For example, in *Savanna Group, Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 66181, at *3 (N.D. Ill. Jan. 4, 2013), the court granted class certification and rejected the defendant's argument that questions of consent caused individual issues to predominate, noting that the defendant had not offered evidence tending to show that any particular class member consented to receive the faxes at issue. On the other hand, in *G.M. Sign, Inc. v. Brinks Mfg. Co.*, No. 09 C 5528, 2011 WL 248511, at *8 (N.D. Ill. Jan. 25, 2011), the court declined to certify a class, finding that the defendant offered evidence illustrating that consent could not be shown with common proof. If TruGreen were able to present facts to support its position, there is a risk that the Court would decline to certify the class, leaving only the named Plaintiffs to pursue their individual claims.

Fifth, at least some courts view awards of aggregate, statutory damages with skepticism and reduce such awards — even after a plaintiff has prevailed on the merits — on due process grounds. *See, e.g., Aliano v. Joe Caputo & Sons – Algonquin, Inc.*, No. 09 C 910, 2011 WL 1706061, at *4 (N.D. Ill. May 5, 2011) ("[T]he Court cannot fathom how the minimum statutory damages award for willful FACTA violations in this case — between $100 and $1,000 per violation — would not violate Defendant's due process rights …. Such an award, although authorized by statute, would be shocking, grossly excessive, and punitive in nature."); *but see Phillips Randolph Enters., LLC v. Rice Fields*, No. 06 C 4968, 2007 WL 129052, at *3 (N.D. Ill. Jan. 11, 2007) ("Contrary to [defendant's] implicit position, the Due Process clause of the 5th Amendment does not impose upon Congress an obligation to make illegal behavior affordable, particularly for multiple violations.").

Finally, there is a risk of losing a jury trial. And, even if Plaintiffs did prevail at trial, any judgment could be reversed on appeal. By contrast, the Settlement provides substantial relief to Settlement Class Members without delay and is within the range of reasonableness, particularly in light of the above risks that Settlement Class Members would face in litigation.

2.     Continued Litigation Is Likely to Be Complex, Lengthy, and Expensive

Litigation would be lengthy and expensive if this action were to proceed.  Although the Parties have engaged in significant informal discovery, extensive motion work, including Plaintiffs' motion for class certification, remains.  The Parties also likely will need to retain experts to analyze TruGreen's call data.  Realistically, it could be at least a year before the case would proceed to trial.  The appeals process may further delay any judgment in favor of Settlement Class Members.  The Settlement avoids these risks and provides immediate and certain relief.  *See, e.g., Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) (citation omitted) ("Settlement allows the class to avoid the inherent risk, complexity, time, and cost associated with continued litigation.").

3.     The Settlement Resulted from Extensive, Arm's-Length Negotiations and Is Not the Result of Collusion

The requirement that a settlement be fair is designed to prevent collusion among the parties.  *Mars Steel Corp. v. Cont'l Ill. Nat'l. Bank & Trust Co. of Chicago*, 834 F. 2d 677, 684 (7th Cir. 1987) (approving settlement upon a finding of no "hanky-panky" in negotiations).  There is an initial presumption that a proposed settlement is fair and reasonable when it was the result of arms-length negotiations.  Newberg, *supra*, § 11:42; *see also Am. Int'l Grp.*, 2012 WL 651727, at *10.

Here, the proposed Settlement was hotly negotiated over a lengthy period of contentious settlement negotiations, including multiple mediation sessions. *See* Ex. 2 (Burke Decl.) ¶ 13. Counsel for the Parties are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases.  *See* Ex. 2 (Burke Decl.) ¶¶ 2-11.  In negotiating this settlement, Class Counsel had the benefit of years of experience with class actions in general and a familiarity with the facts of this case in particular.  *Id*.  at ¶13. An experienced mediator, the Honorable Wayne Andersen (Retired) at JAMS, participated actively throughout the negotiation process. *See* Ex. 1 (Settlement Agreement) § 2.23.  The one-third of

the common fund attorney's fees is in-line with fee awards that have been approved in similar TCPA matters. E.g *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) (discussing fees as part of TCPA class judgment, and suggesting that 1/3 of each class member's recovery is "appropriate").  Moreover, the fact that Plaintiff achieved an excellent result for the Settlement Class despite facing significant procedural and substantive hurdles is a testament to the non-collusive nature of the proposed Settlement.

        4.      <u>The Stage of the Proceedings and the Amount of Discovery Completed Supports Preliminary Approval</u>

Although settlement discussions started relatively early in the litigation process, Class Counsel have thoroughly analyzed the factual and legal issues involved.  Ex. 2 (Burke Decl.) ¶ 12-13.  Settlement negotiations have been prolonged and hard-fought, spanning over a year. Before the first mediation, the Parties provided the mediator with extensive written analyses of the factual and legal issues involved with the case.  *Id.*   As negotiations progressed, the Parties provided Judge Andersen with updates and additional analyses.  *Id.*  Counsel's thorough legal and factual analyses informed the Settlement.  *Id.*

**C.**    **The Proposed Class Notice Satisfies Due Process**

 Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1); *see also* Manual for Complex Litig., *supra*, at § 21.312.  The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  According to the Manual for Complex Litigation, a settlement notice should do the following:

- Define the class;

- Describe clearly the options open to the class members and the deadlines for taking action;

- Describe the essential terms of the proposed settlement;

- Disclose any special benefits provided to the class representatives;

- Indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to or opting out of the settlement;

- Explain the procedures for allocating and distributing settlement funds, and, if the settlement provides different kinds of relief for different categories of class members, clearly set out those variations;

- Provide information that will enable class members to calculate or at least estimate their individual recoveries; and

- Prominently display the address and phone number of class counsel and the procedures for making inquiries. [Manual for Complex Litigation § 21.62 (4th ed. 2004)]

The proposed form of notice, attached as Exhibit B to the Settlement Agreement ("Class Notice"), satisfies all of the above criteria. The Notice is clear, straightforward, and provides persons in the Settlement Class with enough information to evaluate whether to participate in the settlement. Thus, the Notice therefore satisfies the requirements of Rule 23. *See F.C.V., Inc. v. Sterling Nat'l. Bank*, 652 F. Supp. 2d 928, 944 (N.D. Ill. 2009) (Rule 23(b)(3) class) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985)) (explaining a settlement notice must provide settlement class members with an opportunity to present their objections to the settlement).

The Settlement Agreement provides for direct notice via U.S. Mail to the last known address for Settlement Class member shown in Defendant's records. The Settlement Administrator then will run addresses through the National Change of Address database before mailing to ensure that the Notice is sent to the most recent mailing address available. Ex. 1 (Settlement Agreement) § 8.8. The Settlement Agreement also provides for the establishment of a settlement website at which class members can obtain copies of settlement documents,

14

and may submit claims, and a toll-free IVR phone number, which Class Members may call to learn more about the settlement.

This Notice satisfies due process because class members receive "the best practicable notice that is: 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *F.C.V., Inc. v. Sterling Nat'l. Bank*, 652 F. Supp. 2d 928, 944 (N.D. Ill. 2009) (Rule 23(b)(3) class) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985)). Here, because class members will receive direct notice through U.S. mail, there can be no debate that due process is satisfied.

All in, the Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

**D.      The Court Should Grant Class Certification for Settlement Purposes**

For settlement purposes only, Plaintiffs respectfully request that the Court provisionally certify the Settlement Class defined in the Settlement Agreement as:

> All persons nationwide who TruGreen or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the recipient of the call did not give TruGreen the phone number for purposes of such calls, where any call was made on or after May 29, 2009, who are on the Class List.

*See* Ex. 1 (Settlement Agreement) § 2.8. As detailed below, the Settlement Class meets all of the applicable certification requirements.

1.      The Rule 23(a) Factors Are Met

a.      *The Class Is Sufficiently Numerous and Joinder Is Impracticable*

"Although there is no bright line test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)." *See, e.g.*, *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002) (citations and internal marks omitted). Here, Defendant has identified 214,153

unique cell phone numbers it called, which cover the persons who are in the Settlement Class. The large number of persons in the Settlement Class, coupled with the fact that they are geographically disbursed throughout the country, renders joinder impracticable.  *See, e.g., Randolph v. Crown Asset Mgmt*., *LLC*, 254 F.R.D. 513, 517 (N.D. Ill. 2008) (joining hundreds of claims impracticable where claimants are "widely scattered" and the amount in controversy is small).

b.      *The Settlement Class Shares Many Common Issues of Law and Fact*

The commonality requirement of Rule 23(a)(2) is satisfied because there are many questions of law and fact common to the Settlement Class that focus on TruGreen's common practice of using an automated dialing system to call persons in the Settlement on their cell phones.  *See Reliable Money Order, Inc., v McKnight Sales Co., Inc.,* 218 F.R.D. 327, 332-33 (E.D. Wis. 2012) (finding commonality requirement satisfied where class members all alleged they received faxes in violation of the TCPA and the events surrounding the transmission of each fax were identical); *Bridgeview Heath Care Ctr. Ltd. v. Clark*, No. 09 C 5601, 2011 WL 4628744, at *5 (N.D. Ill. Sept. 30, 2011) (finding commonality satisfied in TCPA class where the same evidence concerning the defendant's advertising campaign applied to plaintiffs' and class members' claims).  Here, common issues of fact and law include: (1) whether the equipment TruGreen used to make the challenged calls constitutes an automatic telephone dialing system; (2) whether Defendant obtained valid prior express consent from consumers before calling their cellular telephones; and (3) damages, including whether the alleged violations were willful or knowing.  Because persons in the Settlement Class here all suffered the same injury and are generally subject to the same defenses, commonality is satisfied.

c.      *Plaintiffs' Claims Are Typical of the Settlement Class*

Typicality exists where the claim involves the same "event, practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory." *Parker v. Risk Mgmt. Alts., Inc*., 206 F.R.D. 211, 212 (N.D. Ill. 2002).  Here,

Plaintiffs' claims are based on TruGreen's use of automated calls to cell phones. Because Plaintiff's claims arise from the same course of conduct, typicality is satisfied.

###### d.    Plaintiffs and Their Counsel Are Adequate Representatives

Adequacy requires the representative of a class to provide fair and adequate representation of the class. Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, (1) the representative cannot have interests antagonistic to the class; (2) the representative must have a sufficient interest in the outcome of the litigation; and (3) counsel for the representative must have appropriate experience, qualifications, and competency. *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998); *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995).

Here, Plaintiff has no interests that are antagonistic to or in conflict with persons in the Settlement Class he seeks to represent, and has a substantial interest in the outcome of this action, since Plaintiff and the Class Members all received the same allegedly unlawful calls and texts that persons in the Class received. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 625–26 (1997) (courts look simply at whether the representatives' interests are in any way antagonistic to or in conflict with those of the class members). In addition, Class Counsel are active practitioners with substantial experience in consumer law and class action litigation, including cases very similar to this one. *See* Ex. 2 (Burke Decl.) ¶¶ 6-7. The requirements of Rule 23(a) therefore are satisfied.

##### 2.    The Rule 23(b)(3) Factors Are Satisfied

Rule 23(b)(3)'s predominance requirement tests whether proposed classes are "sufficiently cohesive to warrant adjudication by representation." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, (1997)). Predominance is satisfied so long as individual issues do not "overwhelm" common issues. *Id.* (quoting *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, ⸺ U.S. ⸺, 133 S.Ct. 1184, 1196 (2013)). Common issues predominate here because the central liability question in this case — whether TruGreen placed autodialed calls to consumers' cellular

telephones without their consent — can be established through generalized evidence. *See Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892, at *4 (N.D. Ill. May 27, 2008) (finding common issues such as "how numbers were generated from Defendant's database" and whether the act of sending unsolicited faxes "violated the TCPA" predominated over individualized defenses and damages issues).

Because the claims are being certified for purposes of settlement, there are no issues with manageability. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial."). Additionally, resolution of thousands of claims in one action is far superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See Butler*, 727 F.3d at 801 (noting that "the more claimants there are, the more likely a class action is to yield substantial economies in litigation") (quoting *Carnegie v. Household Int'l., Inc.*, 376 F.3d 656, 661 (7th Cir. 2004)). Thus, certification for purposes of settlement is appropriate.

**E.  Scheduling a Final Approval Hearing Is Appropriate**

The last step in the settlement approval process is a Final Approval Hearing at which the Court may hear all evidence and argument necessary to make its evaluation of the fairness of the settlement. Proponents of the Settlement may explain the terms and conditions of the Settlement Agreement, and offer argument in support of final approval. Any objectors who properly file written objections to the Settlement also will have an opportunity to be heard. The Court will determine after the Final Approval Hearing whether the Settlement should be approved, and whether to enter a final order and judgment under Rule 23(e). Plaintiff's request that the Court set a date for a hearing on final approval at the Court's convenience, but no earlier than January 26, 2015, and schedule further settlement proceedings pursuant to the schedule set forth below:

| Action | Anticipated Date |
|---|---|
| Preliminary Approval Order Entered | September 24, 2014 (date of the preliminary approval hearing) |
| Notice Deadline | October 24, 2014 (30 days following entry of Preliminary Approval Order) |
| Class Counsel's Fee Motion Submitted | November 18, 2014 (25 days after Notice Deadline) |
| Exclusion/Objection Deadline | December 15, 2014(50 days after Notice Deadline) |
| Deadline to Submit Claims | December 15, 2014 (50 days after Notice Deadline) |
| Final Approval Brief and Response to Objections Due | January 12, 2015 (At least 14 days prior to the Final Approval Hearing) |
| Final Approval Hearing / Noting Date | January 26, 2015 (At least 100 days after mailing of CAFA notice) |
| Final Approval Order Entered | At the Court's Discretion |

## V. CONCLUSION

The proposed class action settlement is fair, reasonable, adequate and well within the permissible range of possible judicial approval.  Thus, it should be approved in all respects.


RESPECTFULLY SUBMITTED AND DATED this 19th day of September, 2014.


/s/ Alexander H. Burke


**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com


Amy Clark Kleinpeter
Hill Country Consumer Law
11940 Jollyville Road, Suite 220-S
Austin, Texas 78759
512-850-5290
amyck1@gmail.com

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FAUSTINO CHAPA, IV, on behalf of**<br>**himself and all others similarly situated,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1-13-CV-3957** |
| | ) | |
| **TRUGREEN, INC.,** | ) | **Hon. Harry D. Leinenweber** |
| | ) | |
| **Defendant.** | ) | |

_____

**SETTLEMENT AGREEMENT AND RELEASE**

**TABLE OF CONTENTS**

I.      PREAMBLE ...................................................................................................................1

II.     DEFINITIONS................................................................................................................2

III.    NAMED PLAINTIFF'S VIEW OF BENEFITS OF SETTLEMENT ..............................7

IV.     DENIAL OF WRONGDOING OR LIABILITY ................................................................8

V.      PAYMENTS TO THE SETTLEMENT CLASS.................................................................9

VI.     INCENTIVE AWARD ...................................................................................................13

VII.    ATTORNEYS' FEES .....................................................................................................14

VIII.   IMPLEMENTATION OF THE SETTLEMENT ............................................................15

IX.     PAYMENT METHOD AND INSTRUCTIONS...............................................................21

X.      SETTLEMENT ADMINISTRATION. ...........................................................................23

XI.     RELEASE AND DISMISSAL OF CLAIMS ...................................................................23

XII.    ENFORCEMENT AND TERMINATION........................................................................24

XIII.   MISCELLANEOUS PROVISIONS................................................................................26

This Settlement Agreement and Release ("Agreement") is entered into as of this 16th day of September, 2014 by and among named plaintiff Faustino Chapa, IV (the "Named Plaintiff"), individually and as representative of the Class, and defendant TruGreen, Inc. ("TruGreen"), by and through their attorneys. The Named Plaintiff and TruGreen are referred to collectively as "Parties."

## I.    PREAMBLE

WHEREAS, on May 29, 2013, Named Plaintiff's Counsel filed the above-captioned action (the "Action") in the U.S. District Court for the Northern District of Illinois;

WHEREAS, the Action is a putative nationwide class action that alleges TruGreen violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), by making calls to cellular phones using an automatic telephone dialing system without prior express consent;

WHEREAS, TruGreen has vigorously denied, and continues to vigorously deny, any wrongdoing and any liability based on the allegations contained in the Complaint filed in the Action;

WHEREAS, in an effort to facilitate settlement discussions before discovery in the Action, the Parties retained a private mediator, Hon. Wayne R. Andersen (ret.) of JAMS, Inc. (the "Mediator"), who is located in Chicago, Illinois and has substantial experience mediating complex cases, including putative class action lawsuits, in an attempt to mediate a resolution of the Action;

WHEREAS, in connection with the mediation efforts, the Parties submitted mediation briefs and provided factual information to the Mediator;

WHEREAS, the Parties participated in two full-day in-person mediation sessions (October 21, 2013 and March 20, 2014), a telephonic mediation session (October 31, 2013), and

also separately communicated with the Mediator on numerous occasions and among counsel, during which mediation sessions and communications the Parties engaged in extensive discussions about the proposed terms of settlement;

WHEREAS, following the March 20, 2014 mediation session, the Parties reached an agreement-in-principle to resolve the Action;

WHEREAS, between March 20, 2014 and May 21, 2014, the Parties negotiated and agreed upon other principal terms that are incorporated into this Agreement;

WHEREAS, the settlement reduced to writing in this Agreement was negotiated extensively among the Parties in good faith and at arm's length; and

NOW THEREFORE, it is agreed, by and among the undersigned, that this Action shall be settled and dismissed on the merits, without costs to the Named Plaintiff or TruGreen (except as expressly hereinafter provided), subject to the approval of the Court on the terms and conditions outlined herein.

## II.    DEFINITIONS

As used herein, the following terms shall have the respective meanings specified, which shall be equally applicable to both the singular and plural forms:

2.1    "Action" means the litigation captioned *Faustino Chapa, IV v. TruGreen, Inc.*, No. 1-13-CV-3957 (N.D. Ill.) (J. Leinenweber).

2.2    "Administration Costs" shall mean (i) all costs and expenses associated with the production and dissemination of the Class Notice, (ii) all costs and expenses of the Settlement Administrator, and (iii) any other cost or expense associated with the Settlement of this Litigation.

2.3     "Attorneys' Fees" means reasonable attorneys' fees, costs and expenses to be paid to Named Plaintiff's Counsel for all of their past, present, and future work, efforts, and expenditures in connection with this Action.

2.4     "Business Day" means any day that is not a Saturday, Sunday or the day set aside for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day, and any other day declared a holiday by the President or Congress.

2.5     "Claimant" means a Settlement Class Member who submits a valid and timely Claim Form.

2.6     "Claim" means any and all claims, demands, debts, rights, causes of action, suits, actions, damages, costs, expenses, compensation, requests for compensation, restitution, repayment or reimbursement, obligations, liabilities, penalties, attorneys' fees, or losses in law or equity, of whatever kind or nature, whether or not known, ripe or mature.

2.7     "Claim Form" shall mean the form, as approved by the Court, that Settlement Class Members are required to complete in order to receive a distribution from the Distributable Settlement Fund, and identical in all material respects to that attached hereto as Exhibit A.  The Claim Form will include a written and signed certification that the claimant received one or more calls from or on behalf of TruGreen without providing consent.

2.8     "Class" means all persons nationwide who TruGreen or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the recipient of the call did not give TruGreen the phone number for purposes of such calls, where any call was made on or after May 29, 2009, who are on the Class List.

2.9     "Class List" means the approximately 214,000 potential class members that will

be identified by using records in TruGreen's possession showing the names and telephone

numbers of persons that received automated telephone calls to cellular telephones.

2.10    "Class Member" means any Person that is a member of the Class.  For the

avoidance of doubt, Named Plaintiff is a Class Member.

2.11    "Class Notice" means the notice, as approved by the Court, to be provided to

Class Members pursuant to Paragraph 8.8 in the form attached as Exhibit B.

2.12    "Class Period" means the period beginning on May 29, 2009 up to and including

the date on which a Preliminary Approval Order is issued.

2.13    "Complaint" means the complaint filed by Named Plaintiff's Counsel on May 29,

2013, thereby commencing the Action.

2.14    "Court" means the United States District Court for the Northern District of

Illinois, Eastern Division, and any appellate court reviewing the orders, judgments or rulings

thereof.

2.15    "Day" or "day" means calendar day unless identified as "Business Day."

2.16    "Distributable Settlement Fund" shall have the meaning ascribed to it in

paragraph 5.2 hereof.

2.17    "Effective Date" means the last possible date on which the time for filing an

appeal expires without any appeal being filed from a Final Judgment and Order of the Court

approving the Settlement.  In the event that one or more such appeal(s) from such a final decision

of the Court is timely brought, the Effective Date will be the date on which such appeal(s) are

finally resolved in favor of upholding the Settlement without any modification, except any

adjustment in Attorneys' Fees or Incentive Award that may be ordered by the Court or an

appellate court, and without any possibility of remand to the Court or a further appeal to, or any discretionary review by, any court superior to the Court.

2.18     "Escrow Account" shall mean an account at an established financial institution agreed upon by the Parties that is established for the deposit of any amounts relating to the Settlement as funded by or on behalf of TruGreen pursuant to the terms of this Agreement.  At all times, the Escrow Account shall be held *in custodia legis*, subject to the approval of the Court.

2.19     "Fairness Hearing" shall mean the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement should receive Final Approval by the Court.

2.20     "Final Approval" means the entry of the Final Judgment and Order.

2.21     "Final Judgment and Order" means a final order entered by the Court after the Fairness Hearing, identical in all material respects to that attached hereto as Exhibit D, granting its approval of the Settlement, or in a form that otherwise may be agreed to hereafter by the Parties and approved and entered by the Court.

2.22     "Incentive Award" shall have the meaning ascribed to it in paragraph 6.1 hereof.

2.23     "Mediator" means Hon. Wayne R. Andersen (ret.) of JAMS, Inc.

2.24     "Named Plaintiff" means Faustino Chapa, IV.

2.25      "Named Plaintiff's Counsel" means the law firms Burke Law Offices, LLC and Hill Country Consumer Law, together with any successor, replacement or additional counsel.

2.26     "Opt-Out List" means the complete, final, and accurate list of all properly submitted exclusion requests received by Named Plaintiff's Counsel and provided to TruGreen's Counsel, as required under the Agreement.

2.27    "Parties" means Named Plaintiff and TruGreen, collectively.

2.28    "Person" means any natural person, any legal entity, including a limited or general partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture, sole proprietorship, an unincorporated organization, any other form of legal entity, and/or any governmental body (including any department, agency, commission, authority, administration, or political subdivision thereof), whether federal, state, local or other.

2.29    "Pre-Effective Date Administration Costs" means the Administration Costs to provide the Class Notice and to track any submitted Claim Forms that are received prior to fourteen (14) days after the Effective Date.

2.30    "Preliminary Approval Order" means an order entered by the Court preliminarily approving the Settlement pursuant to Paragraphs 8.3 and 8.4 in the form attached as Exhibit C.

2.31    "Released Claims" means any and all Claims set forth in Section XI hereof.

2.32    "Released Parties" means TruGreen and The ServiceMaster Company LLC, as well as their direct or indirect subsidiaries, divisions, partners, limited partners, owners, investors, holding companies, parents, affiliates (regardless of the form of the legal entity, e.g., corporation, limited liability company, general or limited partnership), including their predecessors and successors, and their present and former officers, directors, employees, principals, agents, attorneys, and/or any other Person for which any of these Persons shall have a direct or indirect interest, or for which they may otherwise be responsible, as of any given date.

2.33    "Releases" means collectively the Released Claims.

2.34    "Settlement" means the overall terms and conditions of the Parties' agreed upon settlement resolving the Action, as reflected and embodied in this Agreement.

2.35    "Settlement Administrator" means Dahl Administration LLC, which shall also act as escrow agent for any portion of the Settlement Amount deposited in or accruing in the Escrow Account pursuant to this Agreement.

2.36    "Settlement Amount" means the total lump sum amount of four million four hundred fifty thousand dollars ($4,450,000.00).

2.37    "Settlement Class" means all Class Members who do not opt out of this Settlement in a timely and valid manner in accordance with the procedures set forth in Paragraph 8.11.

2.38    "Settlement Class Member" means the Named Plaintiff and any Person who is a member of the Settlement Class.

2.39    "Suit" means any lawsuit, suit, action, proceeding, litigation, legal representation or complaint brought or pending in any federal, state, administrative, judicial, arbitral, or other forum, whether direct, derivative or representational.

2.40    "TCPA" means the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

2.41    "TruGreen" means TruGreen, Inc., and all of its parents, affiliates, and subsidiaries at any point during the Class Period.

2.42    "TruGreen's Counsel" means Sidley Austin LLP, together with any successor, replacement or additional counsel.

## III.    NAMED PLAINTIFF'S VIEW OF BENEFITS OF SETTLEMENT

3.1    The Named Plaintiff and Named Plaintiff's Counsel believe the Claim asserted in the Action has merit.  However, the Named Plaintiff and Named Plaintiff's Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against TruGreen through trial and through appeals.  Named Plaintiff and Named

Plaintiff's Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in a complex action such as this Action, as well as the difficulties and delays inherent in such litigation. Named Plaintiff's Counsel are also mindful of the inherent problems of proof and possible defenses to the Claim asserted in the Action. Based on their evaluation, Named Plaintiff's Counsel have determined that the Class relief and Releases set forth herein are fair, reasonable, and adequate, and that Settlement confers substantial benefits on and is in the best interests of the Class.

## IV. DENIAL OF WRONGDOING OR LIABILITY

4.1     This Agreement constitutes the resolution of disputed claims and is for settlement purposes only. TruGreen denies it has violated any law; denies that it has violated the TCPA as to the Named Plaintiff or the Class Members (or anyone else); denies any liability to the Named Plaintiff or the Class Members (or anyone else); and denies all the allegations of wrongdoing recited in the Complaint.

4.2     Notwithstanding anything else herein, neither the fact of, nor any provision contained herein, nor any action taken hereunder, shall constitute or be construed as an admission of any liability or wrongdoing, or recognition of the validity of any allegation of fact or contention of law made by Named Plaintiff in this Action or in any other Suit.

4.3     This Agreement, and statements made in negotiating this Settlement, and any actions taken by TruGreen hereunder, shall not be offered or be admissible in evidence or used in any fashion against any Released Party in any Suit for any purpose, except in a Suit pursuant to Paragraph 12.1 seeking an order from the Court finding that TruGreen is in material breach of its commitments hereunder. Nothing herein shall be construed to preclude the Released Parties from offering this Agreement and the Releases in defense of any Claims, including Suits brought by Class Members, at any time.

## V. PAYMENTS TO THE SETTLEMENT CLASS

In consideration for the full, complete, irrevocable, and final Settlement of this Action and in consideration for dismissal of this Action with prejudice and in consideration for the Releases contained herein, TruGreen will provide benefits to the Settlement Class Members as follows:

### 5.1 *The Settlement Amount.*

(a) The Settlement Administrator shall provide the Parties with an estimate of the Pre-Effective Date Administration Costs within seven (7) days from the date that this Agreement is signed by all Parties. TruGreen shall cause that estimated amount to be deposited by wire transfer into the Escrow Account within fourteen (14) Business Days after entry of the Preliminary Approval Order, and that amount shall be deducted from the Settlement Amount. TruGreen shall cause the remainder of the Settlement Amount to be deposited by wire transfer into the Escrow Account within fourteen (14) Business Days after the Effective Date.

(b) The Settlement Amount shall be used to pay all aspects of this Settlement, including all Claims, all Pre-Effective Date Administration Costs, any other Administration Costs, any Attorneys' Fees approved by the Court, any Incentive Award approved by the Court, and Taxes and Tax-Related Costs (as defined in Paragraph 5.1(g)).

(c) Subject to Court approval and oversight, the Escrow Account will be controlled by the Settlement Administrator, which shall be solely liable for its acts and omissions. The Settlement Administrator shall not disburse the Settlement Amount or any portion thereof except as provided for in this Agreement, by an order of the Court, or with prior written consent of TruGreen's Counsel and Named Plaintiff's Counsel.

(d)     All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Settlement Agreement.

(e)     The Settlement Administrator shall, to the extent practicable, invest the Settlement Amount deposited pursuant to paragraph 5.1(a) above in discrete and identifiable instruments backed by the full faith and credit of the United States Government, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Administrator shall maintain records identifying in detail each instrument in which the Settlement Amount or any portion thereof has been invested, and identifying the precise location (including safe deposit box number) of each such instrument. Neither the Settlement Amount nor any portion thereof shall be commingled with any other monies in any instruments. Any cash portion of the Settlement Amount not invested in instruments of the type described in the first sentence of this paragraph shall be maintained by the Settlement Administrator, and not commingled with any other monies, at a bank account, which shall promptly be identified to TruGreen's Counsel and/or Named Plaintiff's Counsel at either counsel's request by account number and any other identifying information. The Settlement Administrator and Class Members shall bear all risks related to investment of the Settlement Amount. All income, gain, or loss earned by the investment of the Settlement Amount shall be credited to the Escrow Account.

(f)     The Escrow Account is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. The Settlement Administrator, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation

§1468B-2(k)(3), shall be solely responsible for filing tax returns for the Escrow Account and paying from the Escrow Account any Taxes owed with respect to the Escrow Account. TruGreen agrees to provide the Settlement Administrator with the statement described in Treasury Regulation §1.468B-3(e). Neither TruGreen, TruGreen's Counsel, the Named Plaintiff, or Named Plaintiff's Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Escrow Account.

(g)     All (i) taxes on the income of the Escrow Account ("Taxes") and (ii) expenses and costs incurred in connection with the taxation of the Escrow Account (including, without limitation, expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of the Escrow Account.

5.2     ***Distribution to Settlement Class Members.***

(a)     The money remaining from the Settlement Amount, including any accrued interest thereon, after all Administration Costs (including, but not limited to, Pre-Effective Date Administration Costs), any approved Attorneys' Fees, any approved Incentive Award**,** and Taxes and Tax-Related Costs, shall be available for distribution to Settlement Class Members (the "Distributable Settlement Fund").

(b)     Each Settlement Class Member who submits a valid Claim Form, in accordance with paragraph 5.6 below, shall be entitled to a payment from the Distributable Settlement Fund not to exceed $500.

(c)     In the event that the Distributable Settlement Fund is not sufficient to allow each Claimant to receive $500, the amount paid to each Claimant will be adjusted downward pro rata so that the Distributable Settlement Fund is sufficient to pay all claims. In the event that the Distributable Settlement Fund is more than sufficient to allow each Claimant to

receive $500, the amount paid to each Claimant will be $500, and any remaining portion of the Distributable Settlement Fund will be distributed to *cy pres* organizations or charities, in accordance with paragraph 5.4 below.

(d)     The Settlement Administrator will begin disbursing the Settlement Amount as soon as reasonably practicable, but in no event later than within thirty (30) days after the funding of the Escrow Account that shall occur within fourteen (14) Business Days after the Effective Date pursuant to paragraph 5.1(a).  For Settlement Class Members who have submitted valid claims, the Settlement Administrator will mail checks made payable to such persons.

5.3     ***Deadline for Cashing Checks***.  Settlement Class members shall have 180 days from the date a settlement check is issued to cash the check.  After 180 days, the check will be null and void and the amount associated with that check will be returned to the Distributable Settlement Fund.

5.4     ***Treatment of Undistributed Funds***.  Any funds remaining in the Distributable Settlement Fund after all payments have been made to Settlement Class Members pursuant to paragraph 5.2, and after all monies have been returned to the Distributable Settlement Fund pursuant to paragraph 5.3, shall be contributed to *cy pres* organizations to be agreed upon by the Parties and if approved by the Court.

5.5     ***Entire Monetary Obligation.***  It is understood and agreed that TruGreen's monetary obligations under this Settlement Agreement to Class members will be fully discharged by payment of the Settlement Amount in compliance with paragraph 5.1(a) above, and that TruGreen shall have no other monetary obligations to the Class or to any other person or entity, or obligations to make any other payments above or in addition to the Settlement Amount under this Agreement or otherwise under any circumstances.

5.6    *Claim Process.*  Settlement Class Members shall be entitled to a portion of the

Distributable Settlement Fund only if they submit a timely and valid Claim Form.  Settlement

Class members shall have 45 days from the date that the Class Notice is mailed (or the last date

if it is mailed on multiple dates) to return the Claim Form.  Settlement Class Members who do

not submit a Claim Form, or who do not submit a timely and valid Claim Form, shall not be

entitled to receive any portion of the Distributable Settlement Fund.

## VI.    INCENTIVE AWARD

6.1    Named Plaintiff may seek an incentive award ("Incentive Award") only by

making a timely and appropriate written request to the Court and obtaining the Court's approval

for such an award as reflected in a signed and dated order by the Court.  Any Incentive Award

shall be subject to the Court's review and approval.  If the request to the Court seeking an

Incentive Award by or on behalf of Named Plaintiff seeks an award of no more than a total gross

amount of $12,000, TruGreen agrees not to object to such request.  If the request to the Court

seeking an Incentive Award by or on behalf of Named Plaintiff seeks an award greater than the

total gross amount of $12,000, TruGreen may, in its sole discretion, object to all or any part of

such request as it deems appropriate. The Parties recognize that the Court has ultimate authority

to approve or disapprove any Incentive Award.  Because this Settlement is for the benefit of the

Settlement Class, however, the Parties further agree that any downward adjustment in an

Incentive Award that may be ordered by the Court, or the amount of any Incentive Award

ultimately awarded to the Named Plaintiff, will not be a basis or reason for terminating the

Settlement under any provision hereof.  Notwithstanding any other provision of this Agreement

to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the

Court of any Incentive Award are to be considered by the Court separately from its consideration

of the fairness, reasonableness, and adequacy of the Agreement.

6.2     Any Incentive Award approved by the Court shall be paid by the Settlement

Administrator seven (7) days after the first disbursement is made to any Class Member pursuant

to Paragraph 5.2(d) herein.  Named Plaintiff, at his individual election, may choose to have the

Settlement Administrator direct any Incentive Award to a charity of his choice, in which case

such amount shall be treated as a charitable contribution by the Qualified Settlement Fund on

behalf of Named Plaintiff.  The Incentive Award shall be paid by the Settlement Administrator

solely out of the Distributable Settlement Fund and shall be deducted (to the extent approved by

the Court) from the Settlement Amount on or after the Effective Date and prior to the distribution

to the Class Members.

## VII.    ATTORNEYS' FEES

7.1     Named Plaintiff's Counsel may seek an award of Attorneys' Fees only by making

an appropriate application to the Court as required by the Preliminary Approval Order and

obtaining the Court's approval for such an award as reflected in a signed and dated order entered

by the Court.  Any award of Attorneys' Fees, in any and all amounts, shall be subject to the

Court's review and approval.  If the application to the Court seeking Attorneys' Fees by or on

behalf of Plaintiff or Named Plaintiff's Counsel requests Attorneys' Fees in an amount less than

or equal to $1,483,333.33, TruGreen agrees not to object to such application.  The Parties

recognize that the Court has ultimate authority to approve or disapprove any award of Attorneys'

Fees.  If the application to the Court seeking Attorneys' Fees by or on behalf of Plaintiff or

Named Plaintiff's Counsel requests Attorneys' Fees in an amount greater than $1,483,333.33,

TruGreen may, in its sole discretion, object to all or any part of such application in such filings

made with the Court as it deems appropriate.  Because this Settlement is for the benefit of the

Settlement Class, however, the Parties further agree that any downward adjustment in Attorneys'

Fees that may be ordered by the Court, or the amount of Attorneys' Fees ultimately awarded to

Named Plaintiffs' Counsel, will not be a basis or reason for terminating the Settlement under any provision hereof.

7.2     Settlement Class Members and Named Plaintiff's Counsel agree that the amount of Attorneys' Fees awarded by the Court will be paid solely from the Settlement Amount.

7.3     Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of Attorneys' Fees are to be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Agreement.

7.4     After the Effective Date, the Settlement Administrator shall pay the Attorneys' Fees authorized by the Court on the later of the following dates:  (a) seven (7) days after the first disbursement is made to any Class Member pursuant to Paragraph 5.2(d) herein, or (b) twenty-one (21) days after the date on which the Court enters a signed order awarding Attorneys' Fees.

## VIII.  IMPLEMENTATION OF THE SETTLEMENT

Upon execution hereof by all Parties, the Parties will respectively undertake the following actions to implement and obtain approval of the Settlement:

8.1     ***Use of Reasonable Efforts.***  Named Plaintiff, Named Plaintiff's Counsel, TruGreen, and TruGreen's Counsel will use reasonable efforts to obtain the entry of the Preliminary Approval Order, Final Approval of this Settlement, and the entry of a Final Judgment and Order that dismisses this Action and binds the Named Plaintiff and all Settlement Class Members.  All parties agree to cooperate fully and completely with all other parties with respect to any and all appeals, including of the Final Judgment and Order, and in obtaining the dismissal of any and all subsequent Suits against the Released Parties asserting Released Claims. TruGreen's Counsel and Named Plaintiff's Counsel agree to cooperate to draft and execute any additional documents to effectuate the terms of this Settlement and to adjust the case schedule

and deadlines in the Action pursuant to the terms hereof as may be reasonably requested by the other party.

8.2     ***Jurisdiction for Approval of Settlement.***  The filing and approval of this Settlement shall occur in the United States District Court for the Northern District of Illinois.

8.3     ***Preliminary Approval.***  As soon as practicable after execution of this Agreement, Named Plaintiff's Counsel shall move the Court, pursuant to Federal Rules of Civil Procedure 23(e) and 23(g), for (i) preliminary approval of the Settlement, including entry of an order identical in all material respects to the form of the Preliminary Approval Order attached hereto as Exhibit C, (ii) preliminary appointment of class representatives and class counsel, and (iii) for purposes of this Settlement only, preliminary and conditional certification of the following settlement class (the "Settlement Class"):

> All persons nationwide who TruGreen or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the recipient of the call did not give TruGreen the phone number for purposes of such calls, where any call was made on or after May 29, 2009, who are on the Class List.

8.4     Counsel for the Parties will take all appropriate steps to obtain the entry of a Preliminary Approval Order that (i) appoints Named Plaintiff's Counsel as counsel representing the Class and all Class Members; (ii) conditionally certifies the Class for purposes of this Settlement only; (iii) preliminarily approves this Agreement and determines the Settlement to be sufficiently fair, reasonable, and adequate as to allow notice to be disseminated to the Class; (iv) approves the Class Notice; (v) schedules a Fairness Hearing to determine, after such notice to the Class, whether this Settlement should be finally approved as fair, reasonable, and adequate; and (vi) preliminarily bars and enjoins all Class Members, or any of them, from commencing, prosecuting, participating in or continuing the prosecution of, any Suit asserting

any of the Claims released in this Settlement in any capacity, against the Released Parties,

pending the final determination of whether this Settlement should be approved by the Court. The

Preliminary Approval Order will remain in effect until (i) the Effective Date occurs, (ii) the

Court enters an order declaring this Settlement terminated and no longer binding, or (iii)

TruGreen terminates the Settlement under Paragraph 12.2.

8.5 ***Basis for Certification of Settlement Class***. Named Plaintiff's motions for

preliminary and final approval will seek certification of the Settlement Class under Rule

23(b)(3).

8.6 Any certification of the Settlement Class hereunder, or otherwise, shall not

constitute and shall not be construed (in this Action or in any other Suit) as an admission on the

part of TruGreen, or as the basis of a finding, or as evidence, that this Action or any other

proposed or certified class action is appropriate for class treatment in a contested certification

proceeding. This Agreement is without prejudice to the rights of TruGreen to oppose (i) any

requests for class certification in this Action should this Agreement be terminated or fail to be

approved or implemented for any reason, or (ii) any requests for class certification in any Suit

involving a proposed or certified class action.

8.7 If this Agreement is not approved, does not become effective, or if it is terminated

or fails to be implemented for any reason, any certification, either preliminary or final, of the

Class or of any other alleged class shall be deemed null and void *ab initio* and without force or

effect.

8.8 ***Methods of Notifying Potential Class Members.*** No later than sixty (30) days

after the entry of the Preliminary Approval Order, the Settlement Administrator shall notify

potential Class Members of the Settlement as follows. The Settlement Administrator shall send

by United States mail the Class Notice and Claim Form to the last known address of each

potential Class Member, as this information has been retained by TruGreen in the ordinary

course of business.  To increase the accuracy of mailing information, the Settlement

Administrator shall run the names and addresses of Class Members, if available, through the

National Change of Address database.  The Settlement Administrator may distribute the Class

Notice and Claim Form using any bulk rate or pre-sorted mail rate made available by the United

States Postal Service.  The Settlement Administrator will make available on an internet website

copies of the following items: (i) the Class Notice; (ii) this Agreement; and (iii) the Preliminary

Approval Order.  The Settlement Administrator will make available to Class Members, upon

request received by mail at a mailing address to be identified in the Class Notice, copies of the

following items: (i) the Class Notice; (ii) this Agreement; and (iii) the Preliminary Approval

Order.

8.9     If a potential or actual Class Member initiates a communication with Named

Plaintiff's Counsel, Named Plaintiff's Counsel shall be entitled, without the need for prior

approval from TruGreen's Counsel or the Court, to respond to that person's communication by

any means whatsoever.  Other than as described in the preceding sentence, neither Named

Plaintiff's Counsel nor TruGreen's Counsel may communicate with any potential or actual Class

Member regarding this Settlement without receiving prior approval from TruGreen's Counsel or

Named Plaintiff's Counsel, respectively.  If prior approval is not granted by Named Plaintiff's

Counsel or TruGreen's Counsel (as applicable), the party seeking to communicate with the

potential or actual Class Member may petition the Court, with the other party having the right to

have their input be considered, as to both the fact and the content of the proposed communication

to the Class.  Any communication with potential or actual Class Members pursuant to this

Paragraph shall be disseminated to those persons by TruGreen or its authorized agent, provided, however, that the party or counsel seeking to communicate with a potential or actual Class Member pursuant to this Paragraph shall bear the full costs of such communication. Notwithstanding anything in this Paragraph to the contrary, Named Plaintiff's Counsel and TruGreen's Counsel need not obtain prior approval from any source for (a) any communications initiated by a potential or actual Class Member, or (b) the delivery of the documents required pursuant to Paragraph 8.8. For the avoidance of doubt, if a potential or actual Class Member initiates a communication with TruGreen's Counsel, TruGreen and /or TruGreen's Counsel shall be entitled, without the need for prior approval from Named Plaintiff's Counsel or the Court, to respond to that person's communication by any means whatsoever, including by e-mail or any other cost-effective means of communication. Notwithstanding anything in this Paragraph to the contrary, TruGreen and/or its affiliates shall be free to communicate in any manner with potential or actual Class Members in the normal course of TruGreen's business, so long as such communication is not related to the Settlement.

8.10   At least seven (7) days prior to the Fairness Hearing, the Settlement Administrator will provide TruGreen's Counsel and Named Plaintiff's Counsel and the Court with a declaration from a competent declarant stating that the Class Notice has occurred.

8.11   ***Exclusions from the Settlement Class.*** Any Class Member may request exclusion from the Settlement Class. Any Class Member who would like to request exclusion from the Settlement Class must make the request in accordance with the procedures and requirements set forth in the Preliminary Approval Order and the Class Notice. Within ten (10) days after expiration of the deadline for Class Members to request exclusion from the Settlement Class, Named Plaintiff's Counsel shall furnish the Opt-Out List to TruGreen's Counsel.

Exclusions may not be submitted on behalf of a putative class or subclass of similarly situated Class Members. TruGreen's Counsel and Named Plaintiff's Counsel shall take no affirmative action to encourage Class Members to exclude themselves from the Settlement Class.

8.12    ***Written Objections to the Settlement.***    Any Settlement Class Member may present written objections explaining why the Settlement should not be approved as fair, reasonable, or adequate, or why Attorneys' Fees should not be awarded to Named Plaintiff's Counsel in the amount or in the manner set forth herein. The requirements for filing an objection shall be as set forth in the Preliminary Approval Order. Objections may not be submitted on behalf of a putative class or subclass of similarly situated Class Members. TruGreen's Counsel and Named Plaintiff's Counsel shall take no affirmative action to encourage Class Members to object to the Settlement.

8.13    ***Final Judgment and Order.***    On the schedule directed by the Court, Named Plaintiff's Counsel will move, pursuant to Rule 23(e) and 23(g), for (i) final approval of the Settlement, (ii) final appointment of the class representatives and class counsel, and (iii) final certification of the Settlement Class. This Final Judgment and Order shall, among other things, permanently foreclose and bar all Released Claims (including Claims for additional recovery, penalties, interest, attorneys' fees, costs, and expenses) and all other Claims that any Settlement Class Members have alleged or could have alleged in connection with this Action.

8.14    ***Dismissal Without Prejudice.***    The Parties shall file with the Court a Stipulation of Dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) dismissing the entire Action without prejudice within ten (10) days after the Effective Date. The Parties agree that the Stipulation of Dismissal without prejudice shall be converted to a Stipulation of Dismissal with prejudice within sixty (60) days after the later of (a) the date on which the final

payment from the Distributable Settlement Fund has been made by the Settlement Administrator to a Settlement Class Member in accordance with paragraph 5.2 herein, or (b) the date on which the final contribution has been made to an authorized *cy pres* organization or charity in accordance with paragraph 5.4 herein. Subsequent to the filing of such Stipulation of Dismissal, the Court shall retain jurisdiction solely to enforce the terms of the Agreement consistent with the Releases executed as part of the Agreement. The Stipulation of Dismissal without prejudice shall include language stating that the judgment is being entered to allow the Parties to enforce the terms of the Agreement and that the "without prejudice" language shall not allow either party to reopen issues resolved by the judgment.

## IX.    PAYMENT METHOD AND INSTRUCTIONS

9.1    Before the Effective Date, Named Plaintiff's Counsel will transmit wiring instructions to the Settlement Administrator for the payment of approved Attorneys' Fees from the Escrow Account to Named Plaintiff's Counsel, and to the Settlement Administrator for payment of the approved Incentive Award to Named Plaintiff.

9.2    After the Effective Date, once Named Plaintiff's Counsel's wiring instructions have been received by the Settlement Administrator, the Settlement Administrator may cause funds on deposit in the Escrow Account to be reduced and paid out in accordance with this Agreement and the Final Approval Order.

(a)    Funds may be paid out of the Escrow Account for the benefit of Named Plaintiff's Counsel only upon a written payment instruction from Named Plaintiff's Counsel, addressed to the Settlement Administrator with copies to TruGreen, that is in accordance with the Final Judgment and Order, or as otherwise directed by the Court. TruGreen shall have an opportunity to respond if it believes the instruction from Named Plaintiff's Counsel is erroneous.

(b)     Any accrued interest or funds remaining in the Escrow Account after a payment instruction from Named Plaintiff's Counsel has been executed shall be included in the Distributable Settlement Fund.

9.3     Named Plaintiff's Counsel shall be solely responsible for ensuring that Named Plaintiff's Counsel receives the appropriate allocation of the funds in the Escrow Account. TruGreen will have no obligation, liability, or responsibility whatsoever (i) for any taxes or other charges relating to money paid out of the Escrow Account, or (ii) to ensure that the funds are allocated among Named Plaintiff's Counsel fairly, correctly, or appropriately.  To the extent any attorney or firm serving as Named Plaintiff's Counsel or otherwise contests their or its portion of the total award for Attorneys' Fees provided for hereby or approved by the Court, such attorney or firm must look solely to Named Plaintiff's Counsel, and not to TruGreen or the Settlement Amount, for their remedy.  Under no circumstances will TruGreen have any obligation whatsoever arising from this Action to any attorney or firm serving as Named Plaintiff's Counsel or otherwise representing Class Members other than the express obligations set forth herein.

9.4     Should the Agreement be terminated for any reason, the Escrow Account shall be closed and its funds (including any interest remaining in the Escrow Account after deduction of any costs of the Settlement Administrator) disbursed to TruGreen, as directed by TruGreen, but only after an order from the Court.

9.5     Not later than thirty (30) days following the final closing of the Escrow Account, the Settlement Administrator shall file with the Court a statement disclosing the distribution of funds from the Escrow Account.

9.6     Upon disbursement of all funds in the Escrow Account upon any termination of the Agreement, the Settlement Administrator shall be released and relieved of all liabilities and

obligations, if any, arising out of or relating to the administration of the Escrow Account and any such liabilities and obligations shall become the liabilities of TruGreen.

## X.      SETTLEMENT ADMINISTRATION.

10.1      The Settlement Administrator shall administer the Settlement consistent with this Agreement subject to the supervision of the Parties' counsel, and with the supervision of the Court as circumstances may require.

10.2      The Parties and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:

(a)      any act, omission or determination of the Settlement Administrator, other Parties or their counsel, or designees or agents of other Parties or their counsel or the Settlement Administrator; or

(b)      any act, omission or determination of another party's counsel or their designees or agents in connection with the administration of the Settlement.

10.3      The Settlement Administrator shall provide such information as may be reasonably requested by TruGreen's Counsel or Named Plaintiff's Counsel to implement and facilitate any distribution of funds under this Agreement.

## XI.      RELEASE AND DISMISSAL OF CLAIMS

11.1      Upon the Effective Date, the Settlement Class Members, on behalf of themselves, their predecessors, successors, assigns, beneficiaries, and additional insureds, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished and discharged, and shall be forever enjoined from the prosecution of all claims, known and unknown, that they may have against TruGreen and its affiliates and agents,

as well as The ServiceMaster Company LLC and all of its affiliates, subsidiaries and agents, through the date of preliminary approval, under the TCPA, any comparable TCPA-like statutes of any state, and any other federal or state statutory or common law, and for relief under any equitable theory, or for prospective or retrospective relief that could have been asserted based on or relating to the conduct alleged in the Complaint.

11.2    In consideration of the benefits described herein, Named Plaintiff agrees, and each Settlement Class Member shall be deemed to have agreed, to the dismissal with prejudice of this Action.

## XII.    ENFORCEMENT AND TERMINATION

12.1    Upon any alleged material breach by one of the Parties of its obligations hereunder, the Party or Class Member asserting a breach may, after giving the Parties reasonably specific notice of the alleged material breach, and allowing a period of no less than forty-five (45) days for the breaching Party to correct the alleged breach, seek an order from the Court finding that the breaching Party is in fact in material breach of its commitments hereunder.  In the event the Court makes a finding of material breach, the Court shall direct the breaching Party to come into compliance with this Agreement within forty-five (45) days or such other period of time that the Court deems appropriate.  In seeking such an order from the Court, the Party or Class Member asserting a breach must not oppose any request by the breaching Party to be allowed a fair opportunity to present evidence and argument to the Court.

12.2    TruGreen will have the option to terminate this Settlement, in its sole discretion, if the number of requests for exclusion from the Settlement exceeds five hundred (500) persons. TruGreen will have twenty-one(21) Business Days from its receipt of the final Opt-Out List in which to exercise, in its sole discretion, this right to terminate.  In addition, this Agreement may also be terminated by TruGreen, in its sole discretion, in the event that any of the following

24

occur: (i) a motion seeking preliminary approval or final approval of this Settlement is denied or is granted but later reversed on appeal; (ii) the entry of the Final Judgment and Order is reversed on appeal; (iii) the Court modifies this Agreement or fails to enforce any provision hereof, except as expressly provided below; or (iv) any federal or state authorities object to or request material modifications to the Agreement. Notwithstanding the foregoing, any downward modification of the Final Judgment and Order either by the Court or on appeal regarding the amount of Attorneys' Fees to be awarded to Named Plaintiff's Counsel, or any Incentive Award awarded to Named Plaintiff, shall not give TruGreen, Named Plaintiff, Class Members, or Named Plaintiff's Counsel the option to terminate this Agreement. Any termination pursuant to this Paragraph shall be accomplished by filing with the Court a notice of termination, which shall be served on Named Plaintiff's Counsel. Upon the filing of such a termination notice, this Settlement and Agreement shall be deemed to be terminated.

12.3    Notwithstanding any termination of this Agreement, Paragraphs 4.2, 4.3, 8.6, 8.7, 12.3, 13.4, 13.7, 13.12, 13.17, 13.19, 13.20, 13.21, 13.22, 13.23, and 13.24 (and the defined terms used therein) shall remain in full force and effect. In the event this Settlement is terminated before the Effective Date for any reason, all other provisions of this Agreement, and the Settlement itself, shall be deemed null and void *ab initio* and without force or effect. In such event, this Agreement shall not be offered in evidence or used in this or any other Suit for any purpose, including the existence, suitability for certification, or maintenance of any purported class. In such event, this Agreement and all negotiations, statements, proceedings, and documents prepared in connection herewith (including all legal briefs and exhibits thereto) shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law and shall not be offered by anyone adverse to the TruGreen for any purpose

whatsoever in any Suit.  In the event of such termination, all Parties to this Action shall stand in the same position as if this Agreement had not been negotiated, signed, or filed with the Court, except as expressly provided in this Paragraph.

## XIII.  MISCELLANEOUS PROVISIONS

13.1    ***Entire Agreement.***  This Agreement, including all Exhibits attached hereto and hereby incorporated by reference, shall supersede any previous agreements or understandings between the Parties with respect to this Action.  This Agreement is the entire agreement of the Parties with respect to this Action and may not be changed, modified, or amended except as expressly set forth in Paragraph 13.2.

13.2    ***Modification By Writing Only***.  This Agreement may be amended or modified only by a written instrument, signed by both Named Plaintiff's Counsel and TruGreen's Counsel. The Agreement, as modified or amended under this Paragraph 13.2, is subject to Court approval before the Effective Date.

13.3    ***Expenses.***  Except as otherwise expressly set forth herein, each party hereto will pay all costs and expenses incident to its negotiation and preparation hereof and to its performance and compliance with all agreements and conditions contained herein on its part to be performed or complied with, including the fees, expenses and disbursements of its counsel, independent public accountants, and other advisors, whether or not the Final Judgment and Order shall have been entered by the Court.  Nothing herein shall require TruGreen, any Released Party, Named Plaintiff or Named Plaintiff's Counsel to pay out or expend any monies other than as expressly provided herein.

13.4    ***Invalidity or Unenforceability of Provisions.***  In the event that any one or more of the provisions contained herein shall for any reason be held in whole or in part to be invalid or unenforceable in any respect by any federal, state, administrative, judicial, arbitral, or other

forum, bar association, or committee of competent jurisdiction, such invalidity or unenforceability shall not affect any other provision hereof if the Parties hereto agree in writing to proceed as if such invalid or unenforceable provision had never been included herein. Absent such agreement, this Agreement shall be terminated. Further, in the event that paragraph 5.4 is held in whole or in part to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision hereof and shall not serve as a basis to terminate the Settlement. In the event that the Court finds that contribution of any portion of the Settlement Amount to any *cy pres* organizations is impermissible, then the parties shall meet and confer to determine one that may be acceptable to the Court. If there is a finding that *cy pres* is completely unacceptable, then all monies that would have been contributed to such *cy pres* organizations shall be redistributed *pro rata* to those Class Members that submitted valid claim forms after subtracting for any additional Administration Costs in connection with such redistribution. Notwithstanding the preceding sentence, no Class Member shall be entitled to payments from the Distributable Settlement Fund in excess of $500, whether as a result of any redistribution under this Paragraph, or otherwise. If there are any monies left over in the Distributable Settlement Fund following any redistributions to Class Members under this Paragraph, or if there are monies left over in the Distributable Settlement Fund and no redistributions to Class Members are permissible under this Paragraph, such leftover monies shall be returned to TruGreen.

13.5     ***Amount Paid Not a Penalty***.  No consideration or amount or sum paid, credited, offered, or expended by TruGreen in the performance hereof constitutes a penalty, fine, punitive damages, or other form of penalty for any alleged Claim or offense.

13.6 ***Agreement Mutually Prepared; Construction.*** This Agreement shall be deemed to have been mutually prepared by the Parties and shall not be construed against any one of them by reason of authorship. Accordingly, no party hereto shall be considered to be the drafter of any of its provisions for the purpose of any statutes, case law, or rule of interpretation or construction that might otherwise cause any provision or paragraph hereof to be construed against its purported drafter. Otherwise, this Agreement shall be construed in accordance with the four corners of the agreement and otherwise in accordance with the contract construction rules applicable to contracts made within the State of Illinois. References in this Agreement to: (1) "herein," "hereto," "herewith" and "hereunder" shall refer to this Agreement as a whole; (2) any paragraph or section shall be to a paragraph or section hereof, unless otherwise specified; (3) Exhibits shall refer to Exhibits attached hereto; and (4) "including" shall be deemed to be immediately followed by "without limitation." The preamble is hereby incorporated herein by reference.

13.7 ***Counterparts.*** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. For purposes hereof, a facsimile signature shall be deemed an original.

13.8 ***Binding Effect.*** This Agreement shall be binding upon and inure to the benefit of the Parties, TruGreen, the Named Plaintiff, the Class Members, and their representatives, heirs, successors, and assigns. The Parties expressly agree that the terms hereof, including all promises and covenants stated herein, are contractual and shall survive the execution hereof and entry of the Final Judgment and Order and shall continue in full force and effect thereafter in accordance with their terms.

13.9     **Headings.**   The headings and subheadings (if applicable) hereof are included for convenience only and shall not be deemed to constitute part hereof or to affect its construction.

13.10   **Waiver.**   Any party may waive rights belonging to it hereunder or defaults or breaches hereof committed by the opposing party.   No waiver by any party of any provision hereof or any default or breach hereunder, whether intentional or not, shall be valid, however, unless the same shall be in writing and signed by the party making such waiver.   Nor shall such waiver be deemed to extend to any prior or subsequent default or breach hereunder or affect in any way any rights arising by virtue of any prior or subsequent such default or breach.

13.11   **Full Authority.**   All counsel executing this Agreement or any related documents warrant and represent that they have full authority to do so and that they have the authority to make binding commitments in regards to the actions required or permitted to be taken hereunder in order to effectuate its terms.

13.12   **Receipt of Advice of Counsel.**   The Parties acknowledge, agree, and specifically warrant to each other that they have fully read this Agreement, received independent legal, tax, and financial advice with respect to the advisability of entering into it and with respect to the legal effect hereof.   The Parties further acknowledge, agree, and specifically warrant that they fully understand the legal effect hereof.

13.13   **Opportunity to Investigate.**   The Parties acknowledge, agree, and specifically warrant to each other that they and their counsel have had adequate opportunity to make whatever investigation and inquiries are deemed necessary or desirable in connection with the subject matter of the Settlement and the advisability of entering into this Agreement.   The Parties further agree that Named Plaintiff's Counsel have sufficient information to date, through discovery or otherwise, to allow them to determine that the Settlement is in the best interests of

the Class, and no further information, through discovery or otherwise, is necessary or will be sought in connection with the Settlement.

13.14  **_Good Faith Settlement._**  The Parties acknowledge, agree, and specifically warrant to each other that they are entering into this Agreement freely, without duress, in good faith, and at arms length.  The benefits, procedures and offers set forth in this Agreement constitute the entire consideration provided to the Class under this Agreement and are agreed by all Parties to constitute fair, reasonable and adequate consideration for the Releases and the other agreements and obligations of the Class reflected in this Agreement.  Neither TruGreen nor any of the Released Parties shall have any obligations to any Class Members in respect of the Released Claims, except as expressly provided for in this Agreement.

13.15  **_Unknown Claims._**  The Parties acknowledge, agree, and specifically warrant to each other that they are familiar with California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Being aware of California Civil Code Section 1542, all Parties releasing Claims hereby expressly waive any and all rights they may have under this law and under any other federal or state law of similar effect with respect to the matters released herein.

13.16  **_Notices._**  Unless otherwise provided herein, any notice, request, waiver, instruction, application for Court approval, or application for Court order sought in connection herewith or other document to be given by any party or to the other party shall be in writing and delivered personally or sent by registered or certified mail, postage pre-paid, with copies by email (with read receipt) to the attention of Named Plaintiff's Counsel or TruGreen's Counsel (as well as to any other recipients that a court may specify), or if applicable via use of the e-filing

and e-service system for the United States District Court for the Northern District of Illinois.  As

of the date hereof, the respective representatives are as follows:

<div style="margin-left: 2em;">

For TruGreen:      **Mark B. Blocker**
Sidley Austin LLP
1 South Dearborn Street
Chicago, IL 60603
mblocker@sidley.com


For Plaintiff:      **Alexander Burke**
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
aburke@burkelawllc.com

</div>

     13.17   *Extensions of Time.*  The Parties may agree, subject to the approval of a court

where required, to reasonable extensions of time to carry out the provisions hereof.

     13.18   *No Beneficiaries.*  No portion hereof shall provide any rights to, or be enforceable

by, any Person other than Named Plaintiff, the Class Members, Named Plaintiff's Counsel, or the

Released Parties.  No third-party beneficiaries are created or intended to be created hereby.  No

Class Member may assign or otherwise convey any right to enforce any provisions hereof.

     13.19   *Preservation of Privilege.*  Nothing contained herein or in any order of a court,

and no act required to be performed pursuant hereto or any order of a court, is intended to

constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work

product protection, or common interest/joint defense privilege.

     13.20   *No Public Announcement.*  Except as expressly provided in this Paragraph, none

of the Named Plaintiff, Named Plaintiff's Counsel, or TruGreen shall, without prior written

approval, make any press release or other public announcement concerning this Agreement,

except as and to the extent that any such party shall be so obligated by law, in which case the

other party shall be advised and the Parties shall use their reasonable efforts to cause a mutually

agreeable release or announcement to be issued; provided, however, that the foregoing shall not apply to communications or disclosures necessary for a party to meet its obligations hereunder or to comply with the accounting and/or the Securities and Exchange Commission disclosure provisions or the rules of any stock exchange. This Paragraph does not prohibit Named Plaintiff's Counsel from disclosing, starting not sooner than the Effective Date, that Named Plaintiff's Counsel successfully settled a nationwide class action involving more than two hundred thousand consumers for $4.45 million, which does not mention the case name, number or TruGreen. The Named Plaintiff and Named Plaintiff's Counsel agree that any statements they make to any third Persons concerning the Settlement Agreement or the facts and circumstances surrounding this Action shall be truthful and non-defamatory.

13.21 ***Confidentiality and Return of Documents.*** With respect to all information and documents obtained by, through, or from TruGreen, through formal and informal discovery, Named Plaintiff's Counsel and Named Plaintiff represent that they have not shared such information with any individuals or third Parties, other than the Named Plaintiff, his own legal and support staff and retained experts, and the Mediator. This Agreement shall remain confidential until the motion for preliminary approval of this Settlement is presented pursuant to Paragraph 8.3, at which point the fact and terms of this Agreement shall become a matter of public record. All information related to this Action including that reflected in Named Plaintiff's Counsel's files shall be maintained in the strictest confidence to be used only in carrying out the express terms hereof. Within forty-five (45) days of the Effective Date, the Named Plaintiff and Named Plaintiff's Counsel will return to TruGreen any and all documents, data, and other materials provided by TruGreen in their files, including all copies thereof. Upon satisfaction of this duty and responsibility, Named Plaintiff's Counsel will certify in writing that all such data,

documents, and materials, and all copies thereof, have been returned. This Paragraph shall not operate to prohibit: (1) disclosures by Named Plaintiff and/or Named Plaintiff's Counsel that, after reasonable notice to TruGreen, are legally required to respond to legal processes or requests from government agencies, nor of any legally required disclosure not specified herein; (2) disclosures to the Named Plaintiff and Named Plaintiff's Counsel's fiduciaries, insurers, personal attorneys, or financial representatives, provided an express agreement to maintain the confidentiality of such information is in place and being adhered to; and (3) Named Plaintiff's Counsel from filing all documents necessary to obtain approval and confirmation of the Settlement and/or to enforce the Settlement as provided herein.

13.22 ***Confidentiality of TruGreen Proprietary Information***. Information regarding the identity, including without limitation the names, addresses, telephone numbers, and email addresses, of Class Members (the "Compilation of Class Members") is and shall remain at all times confidential, proprietary information and trade secrets of TruGreen. Notwithstanding anything herein to the contrary, TruGreen has no obligations to provide the Compilation of Class Members to Named Plaintiff's Counsel, the Court, or any other third-party, except that TruGreen may provide (a) to the Settlement Administrator in connection with providing Class Notice the Compilation of Class Members, and (b) to the Court in connection with the Fairness Hearing a list of the Class Members who validly excluded themselves from this Settlement pursuant to Paragraph 8.11.

13.23 ***Governing Law.*** This Agreement shall be governed by and construed in accordance with the domestic laws of the State of Illinois without giving effect to any choice or conflict of law provision or rule (whether of the State of Illinois or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Illinois.

IN WITNESS WHEREOF, Named Plaintiff and TruGreen have executed this Settlement

Agreement and Release on this ___ day of September, 2014.

Alexander Burke
On behalf of the Named Plaintiff,
the Class, and
Burke Law Offices, LLC

Mark B. Blocker
On behalf of TruGreen
TruGreen, Inc.

Amy Clark Kleinpeter
On behalf of the Named Plaintiff,
the Class, and
Hill Country Consumer Law

Faustino Chapa, IV

TRUGREEN, INC.

By: _____

Its: _____

34

IN WITNESS WHEREOF, Named Plaintiff and TruGreen have executed this Settlement

Agreement and Release on this 16th day of September, 2014.


_____
Alexander Burke
On behalf of the Named Plaintiff,
the Class, and
Burke Law Offices, LLC

_____
Mark B. Blocker
On behalf of TruGreen
TruGreen, Inc.


_____
Amy Clark Kleinpeter
On behalf of the Named Plaintiff,
the Class, and
Hill Country Consumer Law


_____
Faustino Chapa, IV


TRUGREEN, INC.

By: _____

Its: Vice President _____


34

IN WITNESS WHEREOF, Named Plaintiff and TruGreen have executed this Settlement

Agreement and Release on this 16th day of September, 2014.


_____
Alexander Burke
On behalf of the Named Plaintiff,
the Class, and
Burke Law Offices, LLC

_____
Mark B. Blocker
On behalf of TruGreen
TruGreen, Inc.


_____
Amy Clark Kleinpeter
On behalf of the Named Plaintiff,
the Class, and
Hill Country Consumer Law


_____
Faustino Chapa, IV


TRUGREEN, INC.


By: _____


Its: _____

# Exhibit A

## CHAPA V. TRUGREEN SETTLEMENT
## PROOF OF CLAIM FORM

To receive a payment up to $500 from the Settlement Fund you must complete and return this Claim Form by December 15, 2014.

**IMPORTANT NOTE: You must return this Claim Form by mail or submit the Claim Form online to receive payment. Each Settlement Class Member is entitled to make only one claim regardless of the number of cellular calls received.**

**Print below your (i) name, (ii) address, (iii) cellular number(s) that you believe was/were called without your consent by or on behalf of TruGreen on or after May 29, 2009, and (iv) the name of the telephone carrier for that/those cellular number(s) during the time period when you received the automated calls.**

**Name:** _____

**Address:** _____

_____

_____

**Cellular number(s):** _____

**Telephone carrier:** _____

**I hereby certify that I was the authorized user of the cellular number(s) listed above and did not consent to receive automated calls from TruGreen at the time the calls were made. I certify that this is true to the best of my knowledge.** I understand that the Settlement Administrator has the right to verify my responses with my telephone carrier or otherwise and to dispute any claims that are based on inaccurate responses.

_____          _____

**Signature**                                                     **Date**

### *Please complete the Claim Form above and return it by one of the following methods*:

1. Online by visiting [WEBSITE] and completing an online Claim Form no later than midnight, U.S. Eastern Standard Time, on December 15, 2014.

2. By mail to the Settlement Administrator, completed, signed, and postmarked no later than December 15, 2014, sent to the following address: [ADDRESS].

3. By email to the Settlement Administrator at [EMAIL ADDRESS] no later than midnight, U.S. Eastern Standard Time, on December 15, 2014. If you use email, you must send the Claim Form in a format that includes a legible signature.

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FAUSTINO CHAPA, IV, individually | ) | |
| and on behalf of a class of similarly situated individuals, | ) | |
| *Plaintiffs*, | ) | Case No. 1-13-CV-3957 |
| v. | ) | |
| TRUGREEN, INC., | ) | Hon. Harry D. Leinenweber |
| *Defendant*. | ) | |

### NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS THAT YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. YOUR RIGHTS AND OPTIONS – AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED IN THIS NOTICE.**

**THIS IS NOT NOTICE OF A LAWSUIT AGAINST YOU. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**WHY DID I GET THIS NOTICE?**

This is a Court-authorized notice of a proposed settlement ("Notice") in a class action lawsuit. The settlement would resolve a lawsuit brought on behalf of individuals who allege they received, but did not consent to receive, automated telephone calls on their cellular phones made by persons or entities working on behalf of Trugreen, Inc. ("TruGreen"). This lawsuit relates only to such calls that were made without the called party's consent and that were made to a cellular phone using an automatic telephone dialing system. You have been identified as someone who may have received one of these automated telephone calls on or after May 29, 2009.

**WHAT IS THIS LAWSUIT ABOUT?**

The lawsuit alleges that TruGreen and its agents violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making automated telephone calls to the cell phones of called parties who did not give consent to receive such calls. TruGreen denies the claims in the Complaint and denies that it violated the TCPA.

**WHY IS THIS A CLASS ACTION?**

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims. All of these people together are a "Settlement Class" or "Settlement Class Members." The Settlement, if approved by the Court, resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**WHY IS THERE A SETTLEMENT?**

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, both sides have agreed to a Settlement. The Settlement avoids the cost, risk and delay of trial, and Settlement Class Members will get compensation now rather than, if at all, years from now. Under the Settlement, Settlement Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representative and his attorneys think the Settlement is best for all Settlement Class Members. TruGreen has not conceded it is liable, but is instead agreeing to settle solely to avoid the costs and risks associated with litigation.

**WHAT DOES THE SETTLEMENT PROVIDE?**

The total amount of the Settlement Fund is $4,450,000.00. The cost to administer the Settlement (including the cost of processing Claim Forms and mailing Settlement checks), the cost to inform people about the Settlement (including the cost of mailing the Notice and maintaining the Settlement website), and all attorneys' fees and expenses of Class Counsel and payments to the Class Representative will come out of these funds. The amount remaining after deducting these costs will be paid pro rata to eligible Settlement Class Members who submit valid Claim Forms, up to a maximum of $500 per claimant. The lawyers who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees, up to a maximum of $1,483,333.33 for the time, costs, and effort they put into this case. The Class Representative also will apply to the Court for a payment of up to $12,000 for his service

to the Settlement Class.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from this Settlement, you will be a member of the Settlement Class, which means you give up any right to file or continue a lawsuit against TruGreen and its affiliates, subsidiaries and agents, as well as The ServiceMaster Company LLC and its affiliates, subsidiaries and agents ("Released Parties"), arising from automated telephone calls to cell phones made by or on behalf of TruGreen. Giving up your legal claims is called a release. The precise terms of the release are set forth in the Settlement Agreement, which is available on the settlement website listed below. Unless you formally exclude yourself from this Settlement, you will release your claims whether or not you submit a Claim Form and receive payment. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing.

## WHAT ARE MY OPTIONS?

(1) **Accept the Settlement**.

To accept the Settlement, send in a complete Claim Form by December 15, 2014. A Claim Form is enclosed with this Notice. You also may obtain a Claim Form at [WEBSITE], and you have the option of submitting your claim form online at the same website. You also may email the completed Claim Form to the Settlement Administrator at [EMAIL ADDRESS]. If the Settlement is approved, a check will be mailed to you. *Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement, and is the only thing you need to do to receive a payment*.

(2) **Exclude yourself**.

You may exclude yourself from the Settlement. If you do so, you will not receive any payment, but you will not release any claims you may have against the Released Parties and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a signed letter to the Settlement Administrator at [ADDRESS], postmarked by December 15, 2014. You may also exclude yourself online at [WEBSITE]. The exclusion letter must state that you exclude yourself from this Settlement and must include the name and case number of this litigation, as well as your full name, address, and the cellular number(s) and dates at which you received a call made by or on behalf of TruGreen.

(3) **Object to the Settlement**.

If you wish to object to any aspect of the Settlement you must submit your objection in writing to the Clerk of the Court of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The objection must be received by the Court no later than December 15, 2014. You must also send a copy of your objection to the attorneys for both Parties to the lawsuit, including at least one of the attorneys representing the Settlement Class (set forth on page 3, below), as well as the attorneys representing TruGreen (Mark Blocker, Sidley Austin LLP, 1 South Dearborn St., Chicago, IL 60603), postmarked no later than December 15, 2014. Any objection to the proposed Settlement must include your full name; address; the cellular number(s) at which you received a call made by or on behalf of TruGreen; the telephone carrier associated with each such identified cellular number; and all grounds for the objection with factual and legal support for the stated objection.

You may appear at the Fairness Hearing, to be held on January 26, 2015 at [TIME], in Courtroom 1941 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 in person or through counsel to show cause of why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Fairness Hearing, as well as to identify any exhibits they intend to introduce at the Fairness Hearing.

(4) **Do Nothing.**

If you do nothing, you will receive no money from the Settlement. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against the Released Parties regarding any released claims. *Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement.*

**HOW MUCH WILL I BE PAID?**

If the Court approves the Settlement, every Settlement Class Member who submits a timely and valid Claim Form will be entitled to an equal payment from the Settlement Fund. Each Settlement Class Member is entitled to make only one claim regardless of the number of cellular calls received. The amount of the payment from the Settlement Fund that you will receive cannot presently be calculated because it depends upon several factors including for example the number of valid claims received, but in no event will you be entitled to receive more than the statutory maximum of $500.00.

**WHEN WILL I BE PAID?**

If the Court finally approves the Settlement, you will be paid after the court order becomes final. If there is an appeal of the Settlement, payment will be delayed. The Settlement Administrator will include information about the timing of payment at [WEBSITE]. All checks issued to Settlement Class Members will expire and become void 180 days after they are issued. Any funds from uncashed checks issued from the Settlement Fund will be returned to the Settlement Fund. Any funds remaining in the Settlement Fund after all payments have been made to Settlement Class Members will be donated to charitable or non-profit organizations, if approved by the Court; provided, however, that if the Court finds that contribution to such charitable or non-profit organizations is unacceptable, then all monies that would have been contributed to such organizations shall be redistributed *pro rata* to those Class Members that submitted valid claim forms after subtracting for any additional costs in connection with such redistribution. Notwithstanding the preceding sentence, in no event shall you be entitled to receive payments in excess of $500. If there are any monies left over following any redistributions to Class Members, or if there are monies left over and no redistributions to Class Members are permissible, such leftover monies shall be returned to TruGreen.

**WHAT WILL HAPPEN IF THE COURT DOES NOT APPROVE THE SETTLEMENT**?

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and the case will continue, which may or may not be in the form of a class action. The Parties may negotiate a different settlement or the case may proceed forward.

**WHO REPRESENTS THE CLASS?**

The attorneys who have been appointed by the Court to represent the Class are:

| | |
|---|---|
| Alexander Burke<br>Burke Law Offices, LLC<br>155 N. Michigan Ave., Suite 9020<br>Chicago, IL 60601 | Amy Clark Kleinpeter<br>Hill Country Consumer Law<br>11940 Jollyville Road 220-S<br>Austin, TX 78759 |

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained at [WEBSITE]. If you have any questions, you can also contact the Settlement Administrator at [NUMBER] or Class Counsel with the contact information set forth above. In addition to the documents available on the case website, all pleadings and documents filed in Court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this Case. They will not be able to give you advice on your options.

DATED: September __, 2014

By order of: Harry D. Leinenweber, District Court Judge, United States District Court, Northern District of Illinois

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FAUSTINO CHAPA, IV, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. 1-13-CV-3957 |
| | ) | |
| TRUGREEN, INC., | ) | Hon. Harry D. Leinenweber |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT**

This matter coming before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the Settlement Agreement and Release ("Settlement Agreement"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and all other prior proceedings in this Action,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     The terms of the Settlement Agreement are preliminarily approved as fair, reasonable and adequate.  Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

2.     For settlement purposes only, the Court finds that the prerequisites for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3) – including numerosity, commonality, typicality, adequacy, predominance, and superiority – have been preliminarily satisfied.

3.      For settlement purposes only, the Court hereby conditionally certifies, pursuant to

Rule 23(b)(3) of the Federal Rules of Civil Procedure, the following Settlement Class:

>   All persons nationwide who TruGreen or some person on its behalf called on their
>   cell phone using a device that has the capacity to dial numbers without human
>   intervention, where the recipient of the call did not give TruGreen the phone
>   number for purposes of such calls, where any call was made on or after May 29,
>   2009, who are on the Class List.

4.      For settlement purposes only, Plaintiff Faustino Chapa, IV is hereby appointed as

Class Representative.

5.      For settlement purposes only, the following persons are hereby appointed as

counsel for the Class ("Class Counsel"):

>   Alexander Burke
>   Burke Law Offices, LLC
>   155 N. Michigan Ave., Suite 9020
>   Chicago, IL 60601
>
>   Amy Clark Kleinpeter
>   Hill Country Consumer Law
>   11940 Jollyville Road 220-S
>   Austin, TX 78759

6.      The Court recognizes that, pursuant to the Settlement Agreement, TruGreen

retains all rights to object to the propriety of class certification in the Action in all other contexts

and for all other purposes should the Settlement not be finally approved.  Therefore, as more

fully set forth below, if the Settlement is not finally approved, and litigation resumes, this

Court's preliminary findings regarding the propriety of class certification shall be of no further

force or effect whatsoever, and this Order will be vacated in its entirety.

7.      The Court approves, in form and content, the Class Notice attached as Exhibit B

to the Settlement Agreement, and finds that it meets the requirements of Rule 23(c)(2)(B).

8.      The Court finds that the procedure set forth in the Settlement Agreement for

notifying potential Class Members regarding the Settlement meets the requirements of Rule

23(c)(2)(B) and constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Due Process and any other applicable law, such that the Settlement Agreement and Final Judgment and Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

9.      Dahl Administration LLC is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

10.      The Settlement Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement.

11.      Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Class Notice. The Court hereby approves as to form and content the Claim Form attached as Exhibit A to the Settlement Agreement.

12.      All Claim Forms must be postmarked or received by the Settlement Administrator, either in hard-copy form or electronically, no later than forty-five (45) days after the date that the Class Notice is mailed (or the last date if it is mailed on multiple dates). Settlement Class Members who do not submit a valid and timely Claim Form shall not be entitled to receive any portion of the Distributable Settlement Fund.

13.      Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the

Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against TruGreen or the Released Parties relating to the claims released under the terms of the Settlement Agreement.

14.     Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator either at the address specified in the Class Notice in written form, by first class mail, postage prepaid, and postmarked no later than December 15, 2014, or electronically via the settlement internet website specified in the Class Notice by December 15, 2014.

15.     In order to exercise the right to be excluded, a Person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the cellular number(s) that received the subject call or calls, the date(s) that the subject call or calls were received, the name and number of this case, and a statement that he/she wishes to be excluded from the Settlement Class. Any request for exclusion must be submitted via first class mail and personally signed by the Person requesting exclusion. No Person within the Settlement Class, or any Person acting on behalf of, in concert with, or in participation with that Person within the Settlement Class, may request exclusion from the Settlement Class of any other Person within the Settlement Class.

16.     Class Counsel may file any motion seeking an award of Attorneys' Fees, as well as an Incentive Award for the Class Representative, no later than November 18, 2014.

17. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of Attorneys' Fees that Class Counsel intends to seek and the payment of any Incentive Award, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth in the Settlement Agreement and Class Notice, with the Clerk of the Court, and served upon Class Counsel and TruGreen's counsel, by December 15, 2014. Addresses for Class Counsel, TruGreen's Counsel, and the Clerk of the Court are as follows:

Class Counsel
Alexander Burke
Burke Law Offices, LLC
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601

Class Counsel
Amy Clark Kleinpeter
Hill Country Consumer Law
11940 Jollyville Road 220-S
Austin, TX 78759

TruGreen's Counsel
Mark B. Blocker
Sidley Austin LLP
1 South Dearborn Street
Chicago, IL 60603

Court:
Clerk of the Court
U.S. District Court, Northern District of Illinois
Everett McKinley Dirksen Bldg.
219 S. Dearborn Street
Chicago, IL 60604

18. Any Settlement Class Member who has not requested exclusion and who intends to object to this Agreement must include with the written objection his/her name and address; cellular number(s) that he/she maintains received a call or calls made by or on behalf of TruGreen; his/her telephone carrier for the identified cellular number(s) at the time(s) of such call(s); and all arguments, citations, and evidence supporting the objection. An objecting Settlement Class Member must state, in writing, all objections and the basis for any such objections. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be

forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of Attorneys' Fees, the payment of an Incentive Award, and to the Final Approval Order and the right to appeal the same.

19.     A Settlement Class Member who has not requested exclusion from the Settlement Class may appear at the Fairness Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of any aspect of the Settlement are required to indicate in their written objection their intention to appear at the Fairness Hearing on their own behalf or through counsel.  For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Fairness Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Fairness Hearing, which shall be attached.

20.     No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied.  Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Judgment and Order.

21.     All papers in support of the Final Approval of the proposed Settlement shall be filed no later than January 12, 2015, i.e, fourteen (14) days before the Fairness Hearing.

22.     Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

23.     A hearing (the "Fairness Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, shall be held before the Court on January 26, 2015, at the United States Courthouse, 219 South Dearborn Street, Courtroom 1941, Chicago, Illinois 60604 (or at such other time or location as the Court may without further notice direct) for the following purposes:

(a)  to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

(b)  to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)  to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)  to consider the application for an award of Attorneys' Fees to Class Counsel;

(e)  to consider the application for an Incentive Award to the Class Representative;

(f)  to consider the distribution of the Distributable Settlement Fund pursuant to the Settlement Agreement; and

(g)  to rule upon such other matters as the Court may deem appropriate.

24.     The Fairness Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class.  At or following the Fairness Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Judgment and Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

25.     Settlement Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

26.     All discovery and other proceedings in the Action as between Plaintiff and TruGreen are stayed and suspended until further order of the Court, except such actions as may be necessary to implement the Settlement Agreement and this Order.

27.     For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

**Class Notice Mailed by:**                              **October 24, 2014**

**Application for Attorney's Fees:**                     **November 18, 2014**

**Objection/Exclusion Request Submission:**    **December 15, 2014**

**Final Approval Submissions:**                         **January 12, 2015**

**Fairness Hearing:**                                          **January 26, 2015 at [TIME]**

**Claims Deadline:**                                          **December 15, 2014**

So Ordered.

Dated:_____, 2014



_____
Hon. Harry D. Leinenweber
U.S. District Court Judge

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FAUSTINO CHAPA, IV, on behalf of | ) | |
| himself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1-13-CV-3957 |
| | ) | |
| TRUGREEN, INC., | ) | Hon. Harry D. Leinenweber |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] FINAL JUDGMENT AND ORDER

This matter coming to be heard on Plaintiff's [Unopposed] Motion for Final Approval of

Class Action Settlement ("Motion"), due and adequate notice having been given to the

Settlement Class, and the Court having considered the papers filed and proceedings in this

matter,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.      All capitalized terms in this Final Judgment and Order shall have the same

meaning as ascribed to them in the Settlement Agreement and Release ("Settlement

Agreement"), unless otherwise noted.

2.      This Court has jurisdiction over the subject matter of the Action and personal

jurisdiction over all parties to the Action, including all Settlement Class Members.

3.      The Court preliminarily approved the Settlement Agreement by Preliminary

Approval Order dated _____, 2014, and adequate notice was given to all members of the

Settlement Class pursuant to the terms of the Preliminary Approval Order.

4.      The Court has read and considered the papers filed in support of the Motion,

including the Settlement Agreement and exhibits thereto and supporting declarations.  The Court

has also read and considered any written objections timely filed with the Clerk of the Court by Settlement Class Members.

5.     The Court held a Fairness Hearing on _____, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6.     Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Fairness Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

7.     Pursuant to Rules 23(a) and 23(b)(3), the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All persons nationwide who TruGreen or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the recipient of the call did not give TruGreen the phone number for purposes of such calls, where any call was made on or after May 29, 2009, who are on the Class List.

8.     The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Judgment and Order.  Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

9.     For settlement purposes only, Plaintiff Faustino Chapa, IV is hereby appointed as Class Representative of the Settlement Class.

10.     For settlement purposes only, the following counsel are hereby appointed as counsel for the Class ("Class Counsel"):

> Alexander Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601

Amy Clark Kleinpeter
Hill Country Consumer Law
11940 Jollyville Road 220-S
Austin, TX 78759

11.     With respect to the Settlement Class, this Court finds for settlement purposes only

that: (a) the Settlement Class as defined above is so numerous that joinder of all members is

impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the

claim of the Class Representative is typical of the claims of the Settlement Class; (d) the Class

Representative and Class Counsel have adequately and fairly represented, and will continue to

adequately and fairly represent, the interests of the Settlement Class; (e) questions of law and

fact common to the Settlement Class Members predominate over questions affecting only

individual Settlement Class Members; and (f) certification of the Settlement Class is superior to

other available methods for the fair and efficient adjudication of the controversy.

12.     The Court has determined that the Class Notice given to the Settlement Class

Members, in accordance with the Preliminary Approval Order, fully and accurately informed

Settlement Class Members of all material elements of the Settlement and constituted the best

notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule

of Civil Procedure 23, applicable law, and Due Process.

13.     The Court finds that TruGreen properly and timely notified the appropriate state

and federal officials of the Settlement Agreement pursuant to 28 U.S.C. § 1715.  The Court has

reviewed the substance of TruGreen's notices and accompanying materials, and finds that they

complied with all applicable requirements of 28 U.S.C. § 1715.

14.     The Court orders the Parties to the Settlement Agreement to perform their

obligations thereunder.  The terms of the Settlement Agreement shall be deemed incorporated

herein as if explicitly set forth and shall have the full force of an order of this Court.

15. The Court adjudges that the Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement shall have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Settlement Agreement.

16. The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiff has, and the Settlement Class Members are deemed to have, knowingly waived the protections of California Civil Code § 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.

17. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Judgment and Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing,

4

prosecuting or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against anyone.

20. All funds from checks issued to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within 180 days of issuance shall be returned to the Distributable Settlement Fund. The Distributable Settlement Fund shall be distributed as provided in Paragraphs 5.2, 5.4, and 13.4 of the Settlement Agreement.

20. The Court approves Class Counsel's application for $_____ in attorneys' fees and costs as fair and reasonable under the facts and circumstances of this case, and for a service award in the amount of $_____ to the Class Representative.

21. Neither this Final Judgment and Order nor the Settlement Agreement nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against TruGreen or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by TruGreen or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or the other, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or TruGreen.

22. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Judgment and Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Judgment and Order.

23.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and Order and do not limit the rights of the Settlement Class Members.

24.     The Parties shall file with the Court a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) dismissing the entire Action without prejudice.  This Stipulation of Dismissal without prejudice shall be converted to a Stipulation of Dismissal with prejudice within sixty (60) days after the date on which all funds have been distributed out of the Distributable Settlement Fund.  Subsequent to the filing of such Stipulation of Dismissal, and without affecting the finality of this Final Judgment and Order and in any way, this Court retains continuing jurisdiction solely to enforce the terms of the Settlement Agreement consistent with the Releases executed as part of the Settlement Agreement.  The Stipulation of Dismissal without prejudice shall include language stating that the judgment is being entered to allow the Parties to enforce the terms of the Settlement Agreement and that the "without prejudice" language shall not allow either party to reopen issues resolved by the judgment.

25.     Except as expressly provided in the Settlement, each of the parties, including each Class Member, shall bear his/her/its own costs, fees and expenses.


So ordered this ___ day of _____, 2014.


_____
Hon. Harry D. Leinenweber
U.S. District Court Judge

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FAUSTINO CHAPA IV, on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>        v.<br><br>TRUGREEN, INC.<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:13-cv-3957

Judge Leinenweber

JURY DEMANDED

**DECLARATION OF ALEXANDER H. BURKE IN SUPPORT OF**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1.     I am Alexander H. Burke, manager of Burke Law Offices, LLC.  I submit this declaration in support of Plaintiffs' motion for preliminary approval of class action settlement in this matter. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.     In September 2008, I opened Burke Law Offices, LLC.  This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act, although the firm accepts the occasional action pursuant to the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others.  The firm also sometimes accepts mortgage foreclosure defense or credit card defense case.  Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

3.     I am regularly asked to speak regarding TCPA issues, on the national level. For

1

example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call claims pursuant to the Telephone Consumer Protection Act for both the National Association of Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center national conferences in October 2012 and November 2013. I have been asked to return and speak again to the National Association of Consumer Advocates.

4.     I also am actively engaged in policymaking as to TCPA issues, and have had several *ex parte* meetings with various decision makers at the Federal Communications Commission.

5.     I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006 through 2013, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

6.     Some notable class actions and autodialer TCPA class actions and other cases that my firm has worked on include: *Gomez v. PNC Bank, National Association*, --- F.Supp.2d ----, 2014 WL 3640798 (Jul. 24, 2014) (litigation collective action and Rule 23 class certified for unpaid overtime claims); *Smith v. State Farm Mutual Automobile Insurance Company*, --- F.R.D. ----, 2014 WL 228892 (N.D.Ill. Jan. 21, 2014) (appointing Burke Law Offices, LLC as interim co-

1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

8.     I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

9.     I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

10.     I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Western District of Wisconsin, Northern District of Indiana, Southern District of Indiana and the District of Nebraska. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

11.     The above experience, qualifications, decisions and settlements demonstrate my

ability and commitment to prosecuting TCPA class cases, and show substantial experience in negotiating fair and adequate settlements.

12.    My co-counsel and I thoroughly investigated the facts and circumstances surrounding this case, from the time of filing of the complaint through the filing of this motion, and understand how these facts fall into the legal landscape of the TCPA and Rule 23. Most relevant, as part of the discovery and mediation process TruGreen produced information disclosing that it called 214,153 unique cell phone numbers using the challenged dialing system. TruGreen contends that it had "prior express consent" to make the calls at issue in this lawsuit. TruGreen also contends that it is entitled to assert that some or all of the class members consented to binding arbitration and a class action waiver.

13.    The settlement discussions in this matter were very contentious and heated at every turn. The Parties participated in two formal mediation sessions before the Honorable Wayne Andersen (Ret.), on October 21, 2013 and February 26, 2014. I had numerous conversations with Judge Andersen and defense counsel over the course of the many months of negotiations, and at times believed that the parties would have to litigate the case to conclusion, rather than settle.

14.    Because the settlement calls for *pro rata* payout of settlement funds to class members who submit valid claim forms, it is impossible at this stage of the proceedings to pinpoint the precise amount class members will receive. However, if the Court were to approve the settlement as proposed by the parties, it seems very likely that the claimants will receive in excess of $200 apiece. This amount compares very favorably to settlements of similar TCPA cases of which I am aware.

15.    In my view, given all the risks of litigation and the facts and circumstances of this case, the settlement is fair and reasonable.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Evanston, Illinois

September 19, 2014

Alexander H. Burke