**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FAUSTINO CHAPA, IV, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1-13-CV-3957 |
| TRUGREEN, INC., | ) ) | Hon. Harry D. Leinenweber |
| Defendant. | ) ) | |

**ORDER PRELIMINARILY**
**APPROVING CLASS ACTION SETTLEMENT**

This matter coming before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the Settlement Agreement and Release ("Settlement Agreement"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and all other prior proceedings in this Action,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The terms of the Settlement Agreement are preliminarily approved as fair, reasonable and adequate.  Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

2.      For settlement purposes only, the Court finds that the prerequisites for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3) – including numerosity, commonality, typicality, adequacy, predominance, and superiority – have been preliminarily satisfied.

3.      For settlement purposes only, the Court hereby conditionally certifies, pursuant to

Rule 23(b)(3) of the Federal Rules of Civil Procedure, the following Settlement Class:

> All persons nationwide who TruGreen or some person on its behalf called on their
> cell phone using a device that has the capacity to dial numbers without human
> intervention, where the recipient of the call did not give TruGreen the phone
> number for purposes of such calls, where any call was made on or after May 29,
> 2009, who are on the Class List.

4.      For settlement purposes only, Plaintiff Faustino Chapa, IV is hereby appointed as

Class Representative.

5.      For settlement purposes only, the following persons are hereby appointed as

counsel for the Class ("Class Counsel"):

> Alexander Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
>
> Amy Clark Kleinpeter
> Hill Country Consumer Law
> 11940 Jollyville Road 220-S
> Austin, TX 78759

6.      The Court recognizes that, pursuant to the Settlement Agreement, TruGreen

retains all rights to object to the propriety of class certification in the Action in all other contexts

and for all other purposes should the Settlement not be finally approved.  Therefore, as more

fully set forth below, if the Settlement is not finally approved, and litigation resumes, this

Court's preliminary findings regarding the propriety of class certification shall be of no further

force or effect whatsoever, and this Order will be vacated in its entirety.

7.      The Court approves, in form and content, the Class Notice attached as Exhibit B

to the Settlement Agreement, and finds that it meets the requirements of Rule 23(c)(2)(B).

8.      The Court finds that the procedure set forth in the Settlement Agreement for

notifying potential Class Members regarding the Settlement meets the requirements of Rule

23(c)(2)(B) and constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Due Process and any other applicable law, such that the Settlement Agreement and Final Judgment and Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

9.     Dahl Administration is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

10.     The Settlement Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement.

11.     Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Class Notice. The Court hereby approves as to form and content the Claim Form attached as Exhibit A to the Settlement Agreement.

12.     All Claim Forms must be postmarked or received by the Settlement Administrator, either in hard-copy form or electronically, no later than forty-five (45) days after the date that the Class Notice is mailed (or the last date if it is mailed on multiple dates). Settlement Class Members who do not submit a valid and timely Claim Form shall not be entitled to receive any portion of the Distributable Settlement Fund.

13.     Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the

3

Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against TruGreen or the Released Parties relating to the claims released under the terms of the Settlement Agreement.

14.     Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator either at the address specified in the Class Notice in written form, by first class mail, postage prepaid, and postmarked no later than December 15, 2014, or electronically via the settlement internet website specified in the Class Notice by December 15, 2014.

15.     In order to exercise the right to be excluded, a Person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the cellular number(s) that received the subject call or calls, the date(s) that the subject call or calls were received, the name and number of this case, and a statement that he/she wishes to be excluded from the Settlement Class. Any request for exclusion must be submitted via first class mail and personally signed by the Person requesting exclusion. No Person within the Settlement Class, or any Person acting on behalf of, in concert with, or in participation with that Person within the Settlement Class, may request exclusion from the Settlement Class of any other Person within the Settlement Class.

16.     Class Counsel may file any motion seeking an award of Attorneys' Fees, as well as an Incentive Award for the Class Representative, no later than November 18, 2014.

17.     Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of Attorneys' Fees that Class Counsel intends to seek and the payment of any Incentive Award, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth in the Settlement Agreement and Class Notice, with the Clerk of the Court, and served upon Class Counsel and TruGreen's counsel, by December 15, 2014. Addresses for Class Counsel, TruGreen's Counsel, and the Clerk of the Court are as follows:

Class Counsel
Alexander Burke
Burke Law Offices, LLC
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601

Class Counsel
Amy Clark Kleinpeter
Hill Country Consumer Law
11940 Jollyville Road 220-S
Austin, TX 78759

TruGreen's Counsel
Mark B. Blocker
Sidley Austin LLP
1 South Dearborn Street
Chicago, IL 60603

Court:
Clerk of the Court
U.S. District Court, Northern District of Illinois
Everett McKinley Dirksen Bldg.
219 S. Dearborn Street
Chicago, IL 60604

18.     Any Settlement Class Member who has not requested exclusion and who intends to object to this Agreement must include with the written objection his/her name and address; cellular number(s) that he/she maintains received a call or calls made by or on behalf of TruGreen; his/her telephone carrier for the identified cellular number(s) at the time(s) of such call(s); and all arguments, citations, and evidence supporting the objection.  An objecting Settlement Class Member must state, in writing, all objections and the basis for any such objections.  Objections not filed and served in accordance with this Order shall not be received or considered by the Court.  Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be

forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of Attorneys' Fees, the payment of an Incentive Award, and to the Final Approval Order and the right to appeal the same.

19.     A Settlement Class Member who has not requested exclusion from the Settlement Class may appear at the Fairness Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of any aspect of the Settlement are required to indicate in their written objection their intention to appear at the Fairness Hearing on their own behalf or through counsel.  For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Fairness Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Fairness Hearing, which shall be attached.

20.     No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied.  Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Judgment and Order.

21.     All papers in support of the Final Approval of the proposed Settlement shall be filed no later than January 12, 2015, i.e, fourteen (14) days before the Fairness Hearing.

22.     Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

23.     A hearing (the "Fairness Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, shall be held before the Court on January 27, 2015, at 10:00 am, at the United States Courthouse, 219 South Dearborn Street, Courtroom 1941, Chicago, Illinois 60604 (or at such other time or location as the Court may without further notice direct) for the following purposes:

(a)  to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

(b)  to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)  to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)  to consider the application for an award of Attorneys' Fees to Class Counsel;

(e)  to consider the application for an Incentive Award to the Class Representative;

(f)   to consider the distribution of the Distributable Settlement Fund pursuant to the Settlement Agreement; and

(g)  to rule upon such other matters as the Court may deem appropriate.

24.     The Fairness Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class.  At or following the Fairness Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Judgment and Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

25.     Settlement Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

26.     All discovery and other proceedings in the Action as between Plaintiff and TruGreen are stayed and suspended until further order of the Court, except such actions as may be necessary to implement the Settlement Agreement and this Order.

27.     For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

**Class Notice Mailed by:**                      **October 24, 2014**

**Application for Attorney's Fees:**          **November 18, 2014**

**Claims Deadline:**                            **December 15, 2014**

**Objection/Exclusion Request Submission:**   **December 15, 2014**

**Final Approval Submissions:**              **January 12, 2014**

**Fairness Hearing:**                           **January 27, 2015, at 10:00 am**

So Ordered.

Dated: September 24, 2014

_____
Hon. Harry D. Leinenweber
U.S. District Court Judge