# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FAUSTINO CHAPA, IV, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1-13-CV-3957 |
| ) | |
| TRUGREEN, INC., ) | Hon. Harry D. Leinenweber |
| ) | |
| Defendant. ) | |

## FINAL JUDGMENT AND ORDER

This matter coming to be heard on Plaintiff's [Unopposed] Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. All capitalized terms in this Final Judgment and Order shall have the same meaning as ascribed to them in the Settlement Agreement and Release ("Settlement Agreement"), unless otherwise noted.

2. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated September 24, 2014, and adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and exhibits thereto and supporting declarations. The Court

has also read and considered any written objections timely filed with the Clerk of the Court by Settlement Class Members.

5. The Court held a Fairness Hearing on January 27, 2014, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Fairness Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

7. Pursuant to Rules 23(a) and 23(b)(3), the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All persons nationwide who TruGreen or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where the recipient of the call did not give TruGreen the phone number for purposes of such calls, where any call was made on or after May 29, 2009, who are on the Class List.

8. The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Judgment and Order. Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

9. For settlement purposes only, Plaintiff Faustino Chapa, IV is hereby appointed as Class Representative of the Settlement Class.

10. For settlement purposes only, the following counsel are hereby appointed as counsel for the Class ("Class Counsel"):

> Alexander Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601

Amy Clark Kleinpeter
Hill Country Consumer Law
11940 Jollyville Road 220-S
Austin, TX 78759

11. With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claim of the Class Representative is typical of the claims of the Settlement Class; (d) the Class Representative and Class Counsel have adequately and fairly represented, and will continue to adequately and fairly represent, the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over questions affecting only individual Settlement Class Members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

12. The Court has determined that the Class Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, applicable law, and Due Process.

13. The Court finds that TruGreen properly and timely notified the appropriate state and federal officials of the Settlement Agreement pursuant to 28 U.S.C. § 1715. The Court has reviewed the substance of TruGreen's notices and accompanying materials, and finds that they complied with all applicable requirements of 28 U.S.C. § 1715.

14. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

15. The Court adjudges that the Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement shall have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Settlement Agreement.

16. The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiff has, and the Settlement Class Members are deemed to have, knowingly waived the protections of California Civil Code § 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.

17. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Judgment and Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing,

prosecuting or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against anyone.

19. All funds from checks issued to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within 180 days of issuance shall be returned to the Distributable Settlement Fund. The Distributable Settlement Fund shall be distributed as provided in Paragraphs 5.2, 5.4, and 13.4 of the Settlement Agreement.

20. The Court approves Class Counsel's application for $1,483,333.33 in attorneys' fees and costs as fair and reasonable under the facts and circumstances of this case, and for a service award in the amount of $12,000 to the Class Representative.

21. Neither this Final Judgment and Order nor the Settlement Agreement nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against TruGreen or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by TruGreen or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or the other, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or TruGreen.

22. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Judgment and Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Judgment and Order.

23. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and Order and do not limit the rights of the Settlement Class Members.

24. The Parties shall file with the Court a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) dismissing the entire Action without prejudice. This Stipulation of Dismissal without prejudice shall be converted to a Stipulation of Dismissal with prejudice within sixty (60) days after the date on which all funds have been distributed out of the Distributable Settlement Fund. Subsequent to the filing of such Stipulation of Dismissal, and without affecting the finality of this Final Judgment and Order and in any way, this Court retains continuing jurisdiction solely to enforce the terms of the Settlement Agreement consistent with the Releases executed as part of the Settlement Agreement. The Stipulation of Dismissal without prejudice shall include language stating that the judgment is being entered to allow the Parties to enforce the terms of the Settlement Agreement and that the "without prejudice" language shall not allow either party to reopen issues resolved by the judgment.

25. Except as expressly provided in the Settlement, each of the parties, including each Class Member, shall bear his/her/its own costs, fees and expenses.

So ordered this 27th day of January, 2015.

_____
Hon. Harry D. Leinenweber
U.S. District Court Judge

6